# FRENCH v. UTAH OIL REFINING CO.

No. 7396.   Decided April 7, 1950.   (216 P. 2d 1002.)

See 60 C. J. S., Motor Vehicles, sec. 366. Automobiles, intersection on rights of way for, see note, 81 A. L. R. 185. See, also, 5 Am. Jur. 663.

*Horace J. Knowlton,* Salt Lake City, for appellant.

*Rich & Elton,* Salt Lake City, for respondent.

LATIMER, Justice.

A directed verdict of no cause of action was entered against plaintiff in the court below for the reason that the trial judge concluded the evidence established contributory negligence as a matter of law. From the verdict as directed, plaintiff appeals. We shall designate the parties as they appeared in the court below.

Plaintiff was driving his automobile north on Second West Street in Salt Lake City, Utah. This street is an arterial highway in the west portion of the city and it carries most of the heavy and fast moving traffic travelling north and south. The defendant's truck and trailer unit, which is approximately 55 feet long and has a carrying capacity of 8,500 gallons of gasoline, was proceeding south along the same street. There are two marked lanes on the west half of the highway and the trailer unit was being driven in the most westerly lane. As plaintiff approached the intersection of Fourth South and Second West Streets where he intended to turn west, he observed the traffic control light which was hanging in the center of the intersection and the green light was shining in his direction. He, therefore, proceeded into the intersection and as he crossed its south border he noticed some traffic approaching south on the west side of the highway. One of the vehicles was defendant's truck trailer unit. Plaintiff first testified that at the time he was crossing the south limit of the intersection the truck unit was 100 to 120 feet north of him. He later modified this statement by locating himself further in the intersection, but his adjusted position cannot be accurately determined as the testimony identifies locations by reference to a blackboard sketch which is

not before us. Regardless of his exact position, plaintiff saw the truck some 120 feet away from him prior to the time he entered the west lane of traffic and never again noticed it until just prior to the crash or until it was about 6 feet from the point of impact. After proceeding into the intersection, plaintiff made a left-hand turn across the path of the south-bound traffic and as the front end of his car reached the west limit of the intersection it was struck by defendant's truck and trailer. The driver of the unit in attempting to avoid the collision turned the truck to the west, but this was of no avail as the continued forward movement of plaintiff's car made it impossible for the truck to clear its front. The truck stopped almost at the point of impact but the force of the collision turned and shoved plaintiff's car about 4 feet where it collided with a car which had been travelling east on Fourth South Street, but was temporarily stopped at the intersection awaiting clearance by the traffic light. Plaintiff estimated his speed at 8 miles per hour and the speed of the truck at 20 to 25 miles per hour. In answer to a question as to what was the reason for the collision, plaintiff replied,

"Well, there was a car ahead of me and I couldn't get out quite fast enough."

While it is doubtful that plaintiff established any negligence on the part of defendant's driver, we pass that question as the court directed the verdict because of the lack of due care on the part of the plaintiff. Defendant, to establish contributory negligence, alleged and relied on the failure of the plaintiff to yield the right-of-way to defendant's truck and trailer and plaintiff's failure to keep a proper look-out. If the evidence establishes either as a matter of law, the judgment must be affirmed.

Section 57-7-137, U. C. A. 1943, controls the rights of motorists turning in intersections and it provides:

"The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close

"thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this act, may make such left turn and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn."

In giving the plaintiff the benefit of the evidence most favorable to him, we conclude that at the time he entered the intersection and intended to make his turn to the left the defendant's truck was not in the intersection. However, we are forced to conclude that, regardless ■ of the variation in the stories of plaintiff as to the relative location of the vehicles, the evidence conclusively establishes that the truck was so close to the intersection at the time plaintiff intended to and did turn west as to constitute an immediate hazard. We need not reconcile the variations in locations and distances between the vehicles as the following facts are established without dispute: The accident happened about 1 o'clock p. m. in the month of August, 1948; visibility was good and no reasons were given as to why each vehicle was not at all times clearly visible to the other driver; plaintiff was traveling at the relatively low rate of speed of approximately 8 miles per hour and the defendant's truck was travelling between 20 and 25 miles per hour. Accordingly, excessive speed of the truck or inaccurate estimation by the plaintiff of its rate of movement forward is not involved. Plaintiff knew the proximity of the truck at the time he concluded to change his course. If we adopt one version as given by plaintiff he first observed the truck when he was at the south edge of the intersection and it was from 100 to 120 feet way from him. At the estimated rate of speed it would be into the intersection before he commenced his turn to cross the west lane of traffic and his turning would be immediately in the path of the on-coming truck. If we accept the other version that he was under the semaphore when he first observed the truck and he moved only about 6 feet before being struck, the same relative rates of speed would place the truck approximately 20 feet from the point of impact

when the plaintiff started across the west portion of the highway. This version would likewise indicate that when plaintiff changed his course, defendant's truck was so close that we can say as a matter of law it constituted a hazard.

When a statute prescribes that a turning vehicle must yield the right-of-way to another on a straight-of-way when the latter is close enough to constitute a hazard, it anticipates the exercise of reasonable judgment on the part of the driver turning. However, a burden is placed on the driver making the turn as he has control of the situation, and if there is a reasonable probability that the movement cannot be made in safety then the disfavored driver should yield. The driver proceeding straight ahead has little opportunity to know a vehicle is to be turned across his path until the movement is commenced and in many instances, the warning is too late for the latter driver to take effective action. This is apparently what happened in this case. Plaintiff elected to run the risk of clearing ahead of the on-coming truck which was so close that even though it was moving at a reasonable rate of speed a collision could not be avoided. In so doing, he met with his mishap and his negligence contributed to his injury and prohibits his recovery.

As is ofttimes contended in this type of case, plaintiff complains that the accident could have been avoided by defendant's driver had he not veered west from his course of travel. This contention is no more than a surmise on the part of the plaintiff and it overlooks the fact that the disfavored driver, in this case plaintiff, created the emergency by turning into the path of the on-coming vehicle and that the shortness of time did not permit an exact estimate of the proper direction to turn. Accordingly, the doctrine of last clear chance is not applicable.

Plaintiff further argues that he was not negligent because the free movement of his car was interfered with by

a car immediately preceding him. If plaintiff was negligent in not yielding the right-of-way his delict would be by virtue of not stopping to permit the preferred vehicle to pass through the intersection. The presence of an automobile a short distance in front of plaintiff would not interfere with plaintiff's applying his brakes and stopping, which he could have done with ease at the speed he was driving.

The judgment is affirmed, costs to respondent.

PRATT, C. J., and WADE, WOLFE and McDONOUGH, JJ., concur.