COMPTON et al. v. OGDEN UNION RY. & DEPOT CO.

No. 7541.   Decided September 11, 1951.   (235 P. 2d 515.)

See 52 C. J., Railroads, sec. 2239. Last clear chance doctrine. 38 Am. Jur., Negligence, secs. 212 et seq.; 171 A. L. R. 365.

*Hanson, Kesler & Hanson, Edward G. Linsley* and *Leonard W. Elton,* all of Salt Lake City, for appellant.

*Bryan P. Leverich, Howard F. Coray, M. J. Bronson, A. U. Miner* and *D. A. Alsup,* all of Salt Lake City, for respondent.

CROCKETT, Justice.

Mrs. Anna Compton was killed on September 8, 1949, when she was struck by a diesel engine operated by the defendant's employees in its yard at Ogden, Utah. The plaintiffs, who are the surviving husband (since passed away), and adult sons of the deceased, appeal from a judgment of dismissal under rule 41(b), U. R. C. P. (formerly non-suit) entered by the trial court at the conclusion of the plaintiffs' case.

The two issues presented for review are two claimed errors of the trial court: (1) in ruling that the decedent was contributorily negligent as a matter of law; and (2) in failing to submit the case to the jury under the "last clear chance" doctrine, even if it found decedent contributorily negligent as a matter of law.

Deceased, a woman of 64 years of age, was employed by the Armour Creamery Company, adjacent to the defendant's railroad yards. On the morning in question she was on her way to work. She proceeded along the 24th Street viaduct over the railroad's yards to a private stairway between the viaduct and the yards below maintained by the railroad for the use of its employees. This was also customarily used by employees of industrial establishments near the railroad yards. Deceased met a Mrs. Laws on the viaduct and they descended the stairs together. The bottom of the stair landing was 17½ feet east from the tracks. The viaduct is supported by cement abutments which at the base are about 4 feet square. One of these was situated about 5 feet east of tracks a short distance to the right of the deceased as she proceeded toward the tracks. There are also four posts set in an upright position along side the tracks near the bottom of the stairway but they are approximately 10 feet from the tracks and not tall enough to obstruct her vision. The evidence and the pictures, offered by both parties, clearly show that at any time after deceased had taken one step westward past the posts she had a clear and unimpaired view of the tracks to the north for more than 300 feet.

There is rather a well defined pathway running parallel to and just east of the east rail of the tracks which is used by these people in traversing the railroad yards. The deceased and Mrs. Laws proceeded toward the tracks, turned and walked southward along this path. According to the testimony of Mrs. Laws they had proceeded only a few steps when defendant's engine coming from the north struck and killed Mrs. Compton who was walking on the west side of her nearest the tracks. The only evidence as to the speed of the engine was that it was coasting along quietly at about 10 miles per hour. It was brought to a stop within 50 feet after striking deceased. The evidence was that none of the train crew was in a position to observe the track ahead on the side on which decedent was walking, accordingly none

of them saw her, and no audible signal was given of the approach of the train.

We omit any discussion of the matter of the defendant's negligence because the case was correctly decided below and will be disposed of herein on the issues of contributory negligence and last clear chance referred to in the first paragraph of this opinion.

It is true as asserted by plaintiffs that only in a clear case, where all reasonable minds would agree, should the issue of contributory negligence be taken from the jury. *Lewis* v. *Rio Grande Western R. Co.*, 40 Utah 483, 123 P. 97. It is also not to be denied that there is a strong presumption, based on the instinct of self-preservation, that the deceased was exercising due care for her own safety, and which may take the place of evidence sufficient to make positive findings on, in the absence of other evidence. *Lewis* v. *Rio Grande Western Ry. Co.*, supra; *Perrin* v. *Union Pac. R. Co.*, 59 Utah 1, 201 P. 405.

Mrs. Laws accounts for all the movements of Mrs. Compton immediately prior to, and at the time she was struck by the engine. The presumption is applicable where there is no evidence as to the care used, or perhaps where the evidence comes from an adverse witness who may be subject to disbelief by the jury, or where there is sufficient uncertainty in the evidence as to cast doubt on the testimony. It has no application where, as here, the deceased is observed during the period prior to and at the time she is fatally injured and the witness is available and testified. *King* v. *Denver & Rio Grande Western R. Co.*, 116 Utah 448, 211 P. 2d 833; *Clark* v. *Los Angeles & Salt Lake R. Co.*, 73 Utah 486, 275 P. 582; *Perrin* v. *Union Pacific R. Co.*, supra.

It seems inescapable that the deceased was guilty of contributory negligence. It was her duty to look and listen for trains before going on the tracks. She had a clear view of

the tracks to the north, well before she got far enough west to be in the path of a train. Under the ■ evidence the engine was there to be seen. If decedent had looked at any time, either as she started, or as she pursued a course parallel to, but dangerously near the tracks, she must necessarily have seen the train approaching. She was, therefore, either negligent in failing to look or in failing to heed the train if she saw it. See *Drummond* v. *Union Pacific R. Co.*, 111 Utah 289, 177 P. 2d 903; *Lawrence* v. *Denver & Rio Grande R. Co.*, 52 Utah 414, 174 P. 217; *Wilkinson* v. *Oregon Short Line R. Co.*, 35 Utah 110, 99 P. 466. We find no circumstance of obstructed view or hearing; nor where other trains would confuse the deceased as existed in the cases of *Malizia* v. *Oregon Short Line R. Co.*, 53 Utah 122, 178 P. 756, and *Newton* v. *O. S. L. R. Co.*, 43 Utah 219, 134 P. 567, relied on by plaintiffs. The trial court was, therefore, correct in its ruling that she was guilty of negligence as a matter of law. *Steggel* v. *Salt Lake & U. R. Co.*, 50 Utah 139, 167 P. 237; *Kent* v. *Ogden & L. I. Ry. Co.*, 50 Utah 328, 167 P. 666; *Wilkinson* v. *Oregon Short Line R. Co.*, 35 Utah 110, 99 P. 466. This would preclude recovery by plaintiffs unless the doctrine of last clear chance is applicable.

In determining the applicability of the doctrine of last clear chance, this court has given approval to the rules promulgated by the American Law Institute Restatement of Torts, Vol. II, Sections 479 and 480, as being the law of this state. *Holmgren* v. *Union Pacific Railroad Co.*, 114 Utah 262, 198 P. 2d 459; *Anderson* v. *Bingham & Garfield Railway Co.*, 117 Utah 197, 214 P. 2d 607. This has been done however, usually under fact situations which call for a different application of those rules than is here presented.

We first give attention to Section 479, which reads as follows:

"A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceding the harm, (a) *the*

*plaintiff is unable to avoid* it by the exercise of reasonable vigilance and care and (b) the defendant (i) knows of the plaintiff's situation and realizes the helpless peril involved therein; or (ii) knows of the plaintiff's situation and has reason to realize the peril involved therein, or (iii) would have discovered the plaintiff's situation and thus had reason to realize the plaintiff's helpless peril had he exercised the vigilance which it was his duty to the plaintiff to exercise, and (c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff." (Italics ours.)

That section deals with situations where the plaintiff is unable to avoid the consequences of her own negligence or what is often referred to as "inextricable peril", and by reason thereof, the defendant alone has the last clear chance to avert an injury to the plaintiff. Where the plaintiff is thus in a position of inextricable peril the defendant is liable either (1) if the defendant knows the plaintiff's situation and realizes or has reason to realize her helpless peril, or (2) in the case where a duty exists toward the plaintiff, if in the exercise of reasonable vigilance the defendant should have discovered the plaintiff's helpless situation in time to avoid injury. But this is so only if the plaintiff's negligence has come to rest and plaintiff is thereafter unable by the exercise of reasonable vigilance and care to avoid the injury herself. The deceased in this case was not under those circumstances of inextricable peril. The fact is that at any instant up to the time she was actually struck, she could by the exercise of ordinary reasonable care, have apprehended the presence of the train, and by taking one step to the side, have avoided her injury.

Plaintiffs argue that the deceased, being oblivious and unaware of her danger, could not discover her peril in time to remove herself and avoid injury. The doctrine of inextricable peril applies to cases where one has negligently caught his foot in a frog in a switch or some other such circumstance. A case which is illustrative of the application of the inextricable peril rule is *Knutson* v. *Oregon Short*

*Line R. Co.*, 78 Utah 145, 2 P. 2d 102, 106, in which case a boy was lying on the tracks either unconscious or asleep. The boy had negligently placed himself in such a position, but in his unconscious condition was unable to extricate himself from the danger created by his own negligence. This court said:

"If the Knutson boy was asleep or for other reason was unconscious at the time in question, the so-called doctrine of last clear chance was clearly applicable. * * *"

Another application of the same principle is found in the oft cited case of *Teakle* v. *San Pedro, L. A. & S. L. R. Co.*, 32 Utah 276, 90 P. 402, 10 L. R. A., N. S., 486, where after the person had been struck by the backing train and fallen under it, he was not killed, but rendered unable to escape. He lay flat against the ties to avoid being further injured. The entire train of cars passed over him until he was struck by the firebox of the engine and killed. The train operators could have seen the signals given by the brakeman and others while the person was under the train, and in time to have stopped to avoid further injuring him, but they were inattentive and failed to do so and so last clear chance applied.

We have never held that a mere continuance of the same inattentive negligence created a situation of inextricable peril. When the injured person's negligence has not come to rest, as it had in the above cases, so that by the exercise of reasonable care she would have been able to avoid the peril at any time up to the moment of injury, the injury is then the result of the concurring negligence of the plaintiff and the defendant. The one was just as much the proximate cause as the other. *Ryan* v. *Union Pac. R. R. Co.*, 46 Utah 530, 151 P. 71. Harper on Torts, Sec. 139, page 306, considers the situation of the negligent defendant and the negligent plaintiff where the defendant is unaware of plaintiff's peril and states:

"* * * It follows, thus, that the doctrine of last clear chance does not include cases in which a plaintiff has the physical and

mental ability to avoid the risk up to the moment of the harm. His 'continuing' negligence, as it is sometimes called, continues to insulate the defendant's negligence, and the ordinary rule of contributory negligence governs the case."

From the foregoing it is obvious that the present case does not call for an application of the rules laid down in said Sec. 479.

The plaintiffs' contentions require that we also consider Sec. 480, which reads as follows:

"A plaintiff who, by the exercise of reasonable vigilance could have observed the danger created by the defendant's negligence in time to have avoided harm therefrom, may recover if, but only if, the defendant (a) *knew of the plaintiff's situation,* and (b) realized or had reason to realize that the plaintiff was inattentive and therefore unlikely to discover his peril in time to avoid the harm, and (c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff." (Italics added.)

It will be noted these sub-paragraphs are stated in the conjunctive and must all exist together before that section is applicable.

The rule approved by this court where a plaintiff is negligently inattentive and has subjected himself to risk of harm as provided in Section 480, is that he can recover from a defendant who *knew* of his situation *and realized or had reason to realize* that plaintiff is inattentive, and unlikely to discover his peril in time to avoid harm, *and* thereafter is *negligent* in failing to use ordinary care with the means at his disposal to avoid harming him. For the rule to be otherwise we would again only have the negligence of the plaintiff and defendant concurring together to proximately cause the injury. But if defendant *knows* of plaintiff's situation and either realizes or has reason to realize plaintiff's peril, then defendant has the last clear chance to avoid the injury. Under such circumstances it may be said that his negligence is the

proximate and efficient cause of the injury. This is well illustrated in the case of *Graham* v. *Johnson,* 109 Utah 346, 166 P. 2d 230. The plaintiff cites certain language from that case which they contend applies (Sec. 480) favorably to them. We there approved that section as it is set forth in the Restatement and notwithstanding the particular language relied on by plaintiff the principles expressed in Sec. 480 were correctly applied to the facts there existing. Defendant, Darlene Johnson, driver of the car, saw the Graham boy in the street with his back to her, his attention fixed on playing football. All of the elements requisite for the application of Sec. 480 were present.

In the principal case in order for the plaintiffs to make out a case of last clear chance, it would have been necessary that the defendant know that decedent was in a position of peril, and in addition, have realized or had reason to realize that decedent was inattentive and unlikely to discover her peril in time to avoid the threatened harm, and defendent must thereafter have failed to exercise reasonable care in connection with its then existing ability to avoid harming decedent. In the instant case the evidence was conclusive that the defendant did not know of deceased's situation, and the plaintiffs make no contention that the evidence would justify a contrary finding.

In none of the cases heretofore considered by this court under circumstances described in Sec. 480 have we applied the last clear chance rule where subparagraph (a) requiring knowledge was missing.

We herein reaffirm our adherence to the rules announced by the American Law Institute, Restatement of Torts, Vol. II, Ch. 17, Secs. 479 and 480, but they do not make a case for the plaintiff here.

Judgment of the lower court is affirmed. Costs to respondent.

WOLFE, C. J., and WADE, McDONOUGH and HENRIOD, JJ., concur.