350 P.2d 154

**Lillian FOX, Plaintiff and Appellant,**

v.

**Ross N. TAYLOR, Defendant and Respondent.**

No. 9122.

Supreme Court of Utah.

Feb. 25, 1960.

176

Gustin, Richards & Mattsson, Salt Lake City, for appellant.

Rich & Strong, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

Lillian Fox was struck down by the defendant's automobile as she walked northerly across Fifth South Street in the 1000 east block in Salt Lake City. She sued defendant and from adverse jury verdict and judgment entered thereon she appeals.

Plaintiff charges that the court erred in: A. failing to submit her case under the doctrine of last clear chance; B. instructing on her duty to yield the right of way; and C. in commenting on the evidence.

Miss Fox, a claims secretary for the American Surety Company, lives just south of Fifth South near the place of this accident. On the morning of September 30, 1958, at about 7:45 a. m., she followed her usual custom of going directly across the street at a point where there is no crosswalk to catch her ride to work. As she approached the street she looked to the west and saw no automobiles coming eastward on Fifth South, but did see the defendant stopped at the 10th East intersection, about three-fourths of a block away. Without making further observation she proceeded to cross the street. Meanwhile the defendant was coming easterly in the inside lane toward her at a speed of between 25 and 30 miles per hour. When the plaintiff had nearly reached the center island which is in that street, the defendant's car struck her, throwing her to the ground and causing her injuries. According to the defendant's testimony, the morning sun caused a bright reflection on the right side of his windshield so that he could not see to his right, but could on the left and thus observe the inside lane in which he was

traveling. He says that he did not see the plaintiff until she came into his lane about 10 feet ahead of him; that he applied his brakes and turned slightly to his right in an effort to avoid striking her but was unable to do so.

■ A. Plaintiff's position is that the submission of the case on the question of the defendant's negligence and her contributory negligence did not adequately cover her theory of the case. She argues that she was entitled to have the jury consider whether, even if her own negligence be conceded, the defendant had the last clear chance to avoid injuring her. Due to the fact that the plaintiff's vision toward the west was unobstructed and she failed to see or heed defendant's approach, a finding that she was guilty of contributory negligence is amply justified.[1] This would preclude her recovery unless the doctrine of last clear chance is applicable.[2]

■ The cases where that doctrine is applicable fall into two distinct categories.[3] The first we here consider relates to situations where both the defendant and the plaintiff are guilty of continuing negligence, and where the plaintiff could, by exercising due care, avoid the peril at any time up to the moment of injury. In such case the injury is the result of the concurring negligence of both the plaintiff and the defendant. Under those facts the defendant can be held responsible only if he *actually knows* of the plaintiff's situation of peril in time to have the "last clear chance" to avoid the harm, and fails to do so.[4] The facts here do not fall within the above pattern because there is no evidence that the defendant actually knew of plaintiff's situation until too late to avoid striking her.

■ The plaintiff insists, however, that the doctrine of last clear chance is applicable and the defendant should be held liable even if he did not see her, because in the exercise of due care he *should have* observed and avoided striking her. This contention involves consideration of the other facet of the doctrine of last clear chance. Where the defendant does not actually know of the plaintiff's situation of peril, the doctrine can only properly be applied where the plaintiff has gotten into a position of inextricable peril. An illustration of this is where a person has caught his foot in a railroad switch, or is in some other similar predicament, so that he is thereafter unable to avert the in-

1. Drummond v. Union P. R. Co., 111 Utah 289, 177 P.2d 903, 907; Lawrence v. Denver & R. G. R. Co., 52 Utah 414, 174 P. 817, 820; Wilkinson v. Oregon Short Line R. Co., 35 Utah 110, 99 P. 466.
2. Compton v. Ogden Ry. & Depot Co., 120 Utah 453, 235 P.2d 515; Beckstrom v. Williams, 3 Utah 2d 210, 282 P.2d 309.
3. Ibid. See Secs. 479 and 480, Restatement of Torts.
4. Ibid; see Sec. 480, Restatement of Torts; see concurring opinion, Wade, J., Mingus v. Olsson, 114 Utah 505, 511, 201 P.2d 495.

jury. In such a situation, the plaintiff's negligence has come to rest. In such circumstances the defendant may be held responsible if he either knows, or in the exercise of reasonable care *should know*, of the plaintiff's helpless situation in time to avoid the injury and fails to do so.[5]

In regard to the application of this principle, the plaintiff here is faced with a dilemma: she was either in inextricable peril or she was not. If she was not in inextricable peril, then at any instant up to the time she got into such predicament, by the exercise of reasonable care, she could have observed the oncoming car and have avoided being hit. On the other hand, she could only have gotten into inextricable peril by getting into the path of the defendant's car, and her peril could be considered inextricable only if the defendant was then too close to avoid striking her. Thus, by the very description of the situation, he did not have the "last clear chance" to avoid the injury. As the phrase indicates, it must be a fair and clear opportunity and not a mere possibility that the collision could have been avoided.[6] It is our conclusion that the trial court was correct in refusing to submit the case upon the doctrine of last clear chance.

B. The instruction complained of by the plaintiff as to her duty to yield the right of way was that a pedestrian who crosses a street where there is no crosswalk, " * * * shall yield the right of way to all vehicles upon the roadway." The argument is that this places an absolute duty upon the pedestrian to yield the right of way under all circumstances and gives the motorist carte blanche to claim it. We agree that if it were so interpreted it would not accurately reflect the law. It is to be conceded that if a pedestrian started across a street when a car was at a safe distance away, the latter could not speed up or otherwise recklessly drive into the pedestrian and claim the right of way. The above instruction, which is in the words of our statute,[7] simply means that where two persons are proceeding in such a manner that if they continued there would be a collision, the disfavored one must give way and the favored one may proceed. But, it does not mean that the favored one may claim the right of way over the disfavored one regardless of the hazards involved. The court properly explained in another instruction that both motorists and pedestrians have a continuing duty at all times to use reasonable care for the safety of others, even when one has the right of way over the other. The instructions must be considered together and given a sensible and a practical application to existing circumstances. If so viewed, it was

---

5. Ibid; see Sec. 479, Restatement of Torts.
6. Morby v. Rogers, 122 Utah 540, 252 P.2d 231.

7. Sec. 41-6-79(a), U.C.A.1953.

made plain to the jury that the defendant motorist had no such absolute right of way.

C. The final charge is that the court commented on the evidence in setting forth the plaintiff's duty to use due care to keep a lookout for her own safety by including this statement: "In this connection a mere glance in the direction of the approaching automobile is not sufficient. The duty to look has inherent in it the duty to see what is there to be seen and to pay heed to it."

■■ Plaintiff claims that by the above statement the court implied that she had in fact only cast "a mere glance" in defendant's direction. Examination of the entire instruction reveals that it is merely an abstract, and incidentally accurate, exposition of any pedestrian's duty in that regard. We recognize the duty of the court under our law to avoid comments on the evidence; or which may tend to indicate an opinion as to what the facts are on disputed issues. Yet it must be realized that it is quite impossible to frame instructions applicable to a given case without making some reference to facts and sometimes to evidence. It requires a strained construction of the instruction in question to view it as a statement of what the plaintiff actually did, or as reflecting an opinion of the court thereon. We see no reasonable likelihood of any such misinterpretation. Even if there were doubt about the

matter, elsewhere in the instructions the court properly told the jury that it was their prerogative to determine the facts and that they should do so solely upon basis of the evidence.

Affirmed. Costs to defendant (respondent).

WADE, HENRIOD, McDONOUGH and CALLISTER, JJ., concur.