358 P.2d 337

JOHNSON READY–MIX CONCRETE COM-
PANY, a corporation, Plaintiff and
Respondent,

v.

UNITED PACIFIC INSURANCE COM-
PANY, a corporation, Defendant
and Appellant.

No. 9247.

Supreme Court of Utah.

Jan. 9, 1961.

Skeen, Worsley, Snow & Christensen, Salt Lake City, for appellant.

Preston & Harris, Logan, for respondent..

CROCKETT, Justice.

Plaintiff brought this action on an insurance policy seeking reimbursement for a judgment against it in favor of a Mr. Blazer who had been injured by one of plaintiff's Ready-Mix trucks. Defendant appeals from an adverse jury verdict and judgment entered thereon. We review the record in the light most favorable to the plaintiff.[1]

The accident occurred in May, 1954, in Logan, where Mr. Blazer was working on a construction crew installing curb and gutter. Mr. Olsen, one of the Ready-Mix employees, had delivered a truckload of concrete to the project and was washing the chute, when, for reasons undisclosed in this action, the truck began to roll backward and struck Mr. Blazer in the back. He was helped over to a nearby lawn where, after a few minutes' rest, he assured the truck-driver he would be all right. While placing an order for more concrete a few days later, Blazer also mentioned the incident to Mr. Taggart, who operated the Ready-Mix batch plant, but gave no indication that he had suffered any substantial injury. Blazer also testified that he called the Ready-Mix office on the third day after the accident, asked for the bookkeeper and

1. Toomer's Estate v. Union Pacific Railroad Co., 121 Utah 37, 239 P.2d 163.

informed the person on the phone, whom he assumed was the bookkeeper, "that they had better notify their insurance company, because we have had a minor accident." But Mr. Quinney denied that he had any knowledge of the incident.

Nothing more was said to any of Ready-Mix's employees concerning the matter until some three years later when Mr. Blazer filed suit against it for his injuries, including substantial expenses for medical treatment and surgery to his back. Ready-Mix notified the defendant Insurance Company of the suit and requested that it defend in accordance with the terms of its policy. Defendant declined, relying on a provision requiring the insured to give written notice of any accident "as soon as practicable." Ready-Mix employed counsel and defended the Blazer action. During the trial the suit was settled and a judgment entered for $10,750; whereupon this suit was filed seeking reimbursement for that amount, plus the attorney's fees for defending that action.

Ready-Mix's position is that it gave notice "as soon as practicable" under the circumstances. The matters we consider in justification of its failure to give any earlier notice are: that even though some of its employees had knowledge of the incident, they did not occupy positions of authority so that their knowledge is imputed to it; or alternatively, even if it should be charged with such knowledge, the accident reasonably could have been regarded as a trivial one for which no claim would arise, and thus there was no necessity to report it.

■ The trial court correctly instructed the jury that under the requirement that Ready-Mix give notice to the insurance company "as soon as practicable" the time in which such notice had to be given depended upon the circumstances; and that it was not obliged to give a notice until and unless it learned of an accident which would indicate to a reasonable and prudent person that it had resulted in some injury for which a claim might arise. Common sense dictates that it is quite impracticable to report every trivial occurrence, such as a scratch of a finger or the stubbing of a toe, which might be described as an accident. Yet some incidents which seem innocuous at the time turn out to have serious consequences.

■ It is to be observed that the Insurance Company formulates the policy, and the provisions are not to be taken as exclusively for its benefit. In addition to affording the company an opportunity to safeguard its interest, such a notice may also serve the purpose of causing a timely investigation to be made to protect the interests of the insured. In other words, it

it for their mutual advantage.[2] All that fairly and practically can be required is that the insured exert reasonable efforts to cooperate with the Insurance Company, and if it does so, it should not be deprived of the benefits for which it has paid its premiums.

The Insurance Company argues that in view of the fact that it is undisputed that Mr. Taggart, the Ready-Mix batch plant operator, had authority to receive notice of accidents and knew of the one in question, his knowledge was imputed to Ready-Mix and should have been relayed to the Insurance Company; and that it was error to submit to the jury whether his knowledge was imputable to Ready-Mix.

■ Whether the knowledge of an employee is imputable to his principal depends upon the nature of his duties and the extent of his authority with respect to the business at hand. The court so advised the jury and told them that the corporation acts through its officers and agents, and that if it believed Taggart was a supervising agent or person authorized to accept notice for the company, notice to him was notice to it. There was some uncertainty in the evidence as to just what Taggart's responsibilities in that regard were. In substance it was that it would be all right if such accidents were reported either to Mr. Taggart or directly to Mr. Quinney "so long as it got to the office." We think the submission of the question to the jury was justified because under the evidence it would not be unreasonable to determine it either way.

The case of Woolverton v. Fidelity and Casualty Co.,[3] which is regarded as a leading case in this area, cited and relied upon by the defendant, actually supports the trial court's submission of the issue under discussion to the jury in the instant case. There the trial court had instructed that only an officer of the corporation could receive notice. The case was reversed and remanded for a new trial to let the jury determine whether the plaintiff's freight agent, who bore a position in relation to his company generally similar to that of Taggart in this case, was authorized to receive reports of accidents for the company so that his knowledge would be imputable to it.

■ The final point we consider is the claim that in submitting the issue just discussed the court erred by commenting on the evidence. The part of the instruction objected to reads:

"If on the other hand, you find that Taggart was a mere batch plant operator with authority to mix the cement, receive orders for cement and dispatch the haulers to the respective customers

2. Cf. Ohio Farmers Indemnity Co. v. Charleston Laundry Co., 4 Cir., 1950, 183 F.2d 682.

3. 190 N.Y. 41, 82 N.E. 745, 16 L.R.A.,N.S., 400.

with no supervisory or other authority or power in the conduct of the business of the corporation, then notice to Taggart would not be notice to the plaintiff."

Defendant argues that the above statement, particularly the word "mere" in referring to Taggart's duties, implies that he did not have authority to receive the notice, and that his knowledge was not imputed to the company. We recognize that our law does not allow the court to comment on the evidence in jury trials.[4] However, this does not mean that he cannot mention the evidence or the facts. The instructions cannot be prepared in a vacuum, nor given wholly in the abstract. In order to make them realistic and understandable they should be correlated to the issues of fact involved in the particular case. This sometimes requires reference to the evidence and the claims of the parties, and there is no harm in doing so. What must be avoided is commenting on the evidence in such a way as to indicate an opinion as to what the facts are on disputed issues. Viewed in that light we see no error in the instruction complained of.

Affirmed. Costs to plaintiff (respondent).

WADE, C. J., and HENRIOD, McDONOUGH, and CALLISTER, JJ., concur.

---

4. See Rule 51 U.R.C.P.; Fox v. Taylor, 10 Utah 2d 174, 350 P.2d 154.