**MILES & SONS TRUCKING SERVICE, a corporation, Appellant,**

v.

**Maurine H. McMURTREY, Betty Rae McMurtrey and Jlene McMurtrey, by and through Maurine H. McMurtrey, her guardian ad litem, and George M. Brewster & Sons, Inc., a corporation, Appellees.**

**No. 7664.**

United States Court of Appeals
Tenth Circuit.

Jan. 21, 1965.

Rex J. Hanson, Salt Lake City, Utah (Ernest F. Baldwin, Jr., Salt Lake City, Utah, on the brief), for appellant.

Frank J. Allen, Salt Lake City, Utah (Walter G. Mann, Brigham City, Utah, on the brief), for appellees.

Before LEWIS, BREITENSTEIN, and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this motor vehicle collision case federal jurisdiction rests on diversity. The three McMurtreys, appellees-plain-

tiffs, as survivors of J. C. McMurtrey sued appellant-defendant Miles & Sons Trucking Service (Miles) to recover for his death. Miles joined appellee George M. Brewster & Sons (Brewster) as a defendant and claimed damages to the Miles vehicle. Brewster cross-claimed against Miles to recover for the damages sustained by the Brewster vehicle. The case was tried to a jury which awarded the McMurtreys $20,000 and Brewster $519.91. The McMurtreys moved for, and were granted, a new trial on the issue of damages. The second jury returned verdicts of $120,846.48 for the McMurtreys and $519.91 for Brewster.

Brewster was the prime contractor, and Miles a subcontractor, on a federal reclamation project in Utah. Decedent was a driver for Brewster and one West was a driver for Miles. Both decedent and West operated heavy, earth-moving equipment. The project entailed the construction of a long dike. Gravel and fill were loaded near one end of the dike and transported an undisclosed distance for dumping. Along the dike was a one-lane, hard-surfaced roadway, called the haul road, which was flanked by soft earth on each side. Under local work rules a loaded vehicle had the right of way and an approaching empty vehicle was required to turn off the haul road onto the soft shoulder to permit the loaded vehicle to pass. At about 4:30 P.M., June 12, 1962, decedent was returning from dumping the last load for his shift. West had started with his first load for the day and was traveling at 25–30 miles per hour. No evidence was adduced to show the speed of decedent's vehicle. When the vehicles were 155 feet apart on the haul road, they each turned to the north and collided. McMurtrey was killed and each vehicle was damaged.

■ Error is claimed because of the instructions given and refused. Primary attack is aimed at the instruction on last clear chance—not because of form but because of inapplicability. The Utah Supreme Court has said that the doctrine of last clear chance has "limited application in cases involving two moving vehicles." [1] That court has adopted § 480, Restatement of the Law, Torts, p. 1257,[2] which approves recovery if the defendant (1) knew of the plaintiff's danger, (2) realized or had reason to realize that plaintiff was inattentive and unlikely to discover his peril in time to avoid harm, and (3) was thereafter negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming plaintiff.[3]

In the case at bar West knew of decedent's danger because he saw the vehicle driven by decedent approaching on a one-way road. He had reason to believe that the decedent was inattentive because decedent was making no effort to pull off the road and yield the right of way. Items (1) and (2) of the rule are satisfied. The issue narrows to whether after such realization West, with reasonable care and competence, used his existing ability to avoid the collision.

■ The Utah court has held that there "must be a fair and clear opportunity, and not just a bare possibility" of avoiding the accident,[4] and that it is not enough if it appear from hindsight that the defendant "by 'the skin of his teeth'" could have avoided the collision.[5] An application of these principles convinces us that the doctrine of last clear chance has no place in the case before us.

■ West was driving at 25–30 miles per hour a vehicle having a loaded weight of 76,000 pounds. The decedent approached him on a one-way road at an unknown speed. West observed dece-

1. Gren v. Norton, 117 Utah 121, 213 P.2d 356, 360.

2. Charvoz v. Cottrell, 12 Utah 2d 25, 361 P.2d 516, 519.

3. Morby v. Rogers, 122 Utah 540, 252 P. 2d 231, 236.

4. Beckstrom v. Williams, 3 Utah 2d 210, 282 P.2d 309, 313.

5. Morby v. Rogers, 122 Utah 540, 252 P.2d 231, 235.

dent's vehicle when it was about 600 feet away, decelerated, and applied his trailer brakes. West had the right of way and waited until the vehicles were 155 feet apart before turning to his right off the haul road. Decedent turned to his left. West testified that he turned off first, but regardless of whether this statement was correct, the two vehicles did turn from one collision course into another collision course.

The only eye witness to the accident was West. Evidence for Miles was that the distance between the points where the vehicles left the road was 155 feet; that the point of impact was 38–40 feet north of the haul road; that the vehicle driven by West traveled 91 feet from the road to the point of impact; that the vehicle driven by decedent was hit 24 feet from its front end at a point 68 feet from the haul road. Thus before the collision the West vehicle traveled 91 feet from the road and decedent's vehicle 92 feet. A witness for the McMurtreys testified that the measurements were erroneous because the triangle would not close and that, according to trigonometric calculations, the front of decedent's vehicle must have been 105 feet from the haul road. The differences in the figures would have a bearing on the question of which vehicle left the haul road first but would not be decisive because the speed of decedent's vehicle was not established.

West said that after leaving the haul road his eyes were fixed on his rear view mirror to see if the decedent's vehicle would clear the end of his trailer; that he looked ahead to see the collision imminent; and that he made an unsuccessful attempt to dump his load and thereby slow his vehicle.

■ The instructions on right of way and last clear chance must not be confused. Last clear chance applies when the driver of the other vehicle is inattentive and unlikely to discover his peril.

If the decedent had been attentive, he would have yielded the right of way in time to avoid the collision. The McMurtreys may not argue both that their decedent was attentive to give them the advantage of a right of way instruction and inattentive to entitle them to a last clear chance charge. If a lack of attention is apparent to satisfy the second requirement of the last clear chance rule, the decisive question is whether, after realization of that fact, West could have avoided the accident by using "with reasonable care and competence his then existing ability." [6] If decedent was inattentive, West could not have escaped the collision by staying on the haul road. His only alternative was to get off that road and he did so by turning to .his right. At about the same time decedent turned to his left. In the two or three seconds which elapsed from the time West turned off the haul road and traveled the 91 feet to the point of impact, he had little opportunity for action. No evidence or reasonable inference supports the conclusion that after the vehicles left the haul road West could have so operated his vehicle with reasonable care and competence as to avoid the collision.

On the facts presented the existence of a clear chance to prevent the accident is in the realm of speculation or surmise. Utah has said that in such circumstances the doctrine of last clear chance is not applicable.[7] Charvoz v. Cottrell, 12 Utah 2d 25, 361 P.2d 516, 519, holds that the doctrine contemplates a last clear chance, not a possible chance, and that it "implies thought, appreciation, mental direction and the lapse of sufficient time to effectually act upon the impulse to save another from injury." In our opinion the last clear chance instruction was improper under Utah law.

The McMurtreys argue that even if the instruction was improper, it was not prejudicial because the general verdict establishes the negligence of West and

6.  Restatement, Torts, § 480(c).

7.  See Marshall v. Ogden Union Ry. & Depot Co., 118 Utah 161, 221 P.2d 868, 871;

French v. Utah Oil Ref. Co., 117 Utah 406, 216 P.2d 1002, 1004.

the lack of contributory negligence of the decedent. We do not agree. The trial court repeatedly emphasized the last clear chance doctrine in its instructions and told the jury that even if it found the deceased guilty of contributory negligence, it could still decide for the plaintiffs "if you also find the last clear chance applicable." In the circumstances the general verdict may, and probably does, represent a finding of last clear chance. We believe that the giving of the instruction was prejudicial error which requires reversal.

■ Because the case must be retried, other observations on the instructions are appropriate. The court denied Miles' requested instructions on sudden peril and on right of way. Miles objected to the right of way instruction which was given. Under Utah law a sudden peril is a mitigating circumstance if the emergency is not of the defendant's making or is not the result of defendant's tortious conduct.[8] The right of way and sudden peril instructions are interrelated because if defendant's driver, West, violated the right of way rule and thus created the emergency, the defendant is not entitled to mitigation because of an emergency. On the other hand if the emergency was caused by the decedent's conduct, the defendant would be entitled to the sudden peril instruction.

■ In Utah the concept of right of way is relative; a favored driver has no right to adhere to his course after it has become apparent that such adherence is dangerous.[9] The factual question is whether an ordinary, prudent person in the situation of defendant's driver could have reasonably apprehended danger in a straight ahead course when confronted by an oncoming, disfavored driver. If the answer is affirmative, defendant's driver was entitled to turn off and what

happened thereafter is covered by the sudden peril doctrine.

■ The instruction on right of way given by the court failed to incorporate the relative rights concept and over-emphasized the duty of defendant's driver to stay on the haul road. Miles requested instruction does not square with the Utah cases holding that one who possesses the right of way may be liable.[10] The court's instruction on sudden peril was improper because it assumed violation by defendant's driver of the right of way rule. If the premise is correct the instruction should not have been given. In our opinion the question of compliance with the right of way rule is for jury determination under the principles heretofore mentioned.

Miles complains of the instruction on presumption of due care on the part of the decedent. The instruction correctly states the Utah law,[11] and adequately covers the concept that the presumption may vanish. Miles further objects that the instructions were overwhelmingly weighted in favor of the plaintiffs. We are confident that on retrial the court will heed the admonitions appearing in United States v. Sowards, 10 Cir., 339 F.2d 401.

■ After the first trial attorneys for Miles filed an affidavit of disqualification against the trial judge on the grounds of bias and prejudice. The affidavit was filed after the court had granted the motion for new trial on the issue of damages and related to events occurring after the case had been argued in the first trial. We do not care to discuss the details and say merely that the showing does not satisfy the requirements of 28 U.S.C. § 144.

The references to the evidence heretofore made suffice to establish that the defendant was not entitled to a directed

---

8. Howard v. Ringsby Truck Lines, Inc., 2 Utah 2d 65, 269 P.2d 295, 298.

9. Coombs v. Perry, 2 Utah 2d 381, 275 P. 2d 680, 684; Martin v. Stevens, 121 Utah 484, 243 P.2d 747, 751.

10. See, e. g., Sine v. Salt Lake Transp. Co., 106 Utah 289, 147 P.2d 875, 878–879.

11. See Compton v. Ogden Union Ry. & Depot Co., 120 Utah 453, 235 P.2d 515, 517.

**14**

verdict. The record presents a situation in which the issues were properly left for jury determination.

Our disposition of the appeal makes unnecessary any discussion of the other points raised by the parties.

Reversed and remanded for a new trial.