PIM, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, December 13, 1904.

1. **PLEADING: Contributory Negligence: Instruction.** An instruction on contributory negligence may be given in the absence of a pleading to that effect by defendant, where the plaintiff's own evidence shows he was guilty of negligence which contributed to his injury.

2. **CARRIERS OF PASSENGERS: Contributory Negligence: Getting off Car.** It is not negligence *per se* for a passenger on a street car to attempt to get off the car by way of the front platform.

3. ———: ———: ———. Nor is it negligence *per se* for such passenger to leave his place in a crowded car and go to the front platform before the car arrives at the crossing where he intends to get off.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. H. Kinealy*, Judge.

The appeal is from an order setting aside a verdict in favor of defendant and granting a new trial on motion of plaintiff.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Edward T. Miller* for appellant.

(1) The court erred in sustaining plaintiff's motion for a new trial for supposed error in giving defendant's instructions numbered 8, 9 and 10. The instructions are not erroneous, nor were they erroneously given. Defendant was entitled to the instructions because plaintiff's evidence shows that he was guilty of negligence which directly contributed to the injury complained of. Holding v. St. Joseph, 92 Mo. App. 143; Buesching v. Gas Light Co., 73 Mo. 219; Hudson v. Railway, 101 Mo. 13, 14 S. W. 15; Chaney v. Railway, 176 Mo. 598, 75 S. W. 595; Allen v. Transit Co., 81 S. W. 1142. (2) The verdict should not be disturbed because the demurrer to the evidence should have been sustained. Miller v. Railroad, 5 Mo. App. 471; Ashbrook v. Railroad, 18 Mo. App. 290; Carroll v. Rapid Transit Co., 107 Mo. 653, 17 S. W. 889; Berry v. Railway, 124 Mo. 221, 25 S. W. 229; Carrier v. Railway, 175 Mo. 470, 74 S. W. 1002; Nieboer v. Railway, 87 N. W. 626; Brewer v. Transit Co., 79 S. W. 1021.

*Scullin & Chopin* for respondent.

The case was properly submitted to the jury. Fitzjohn v. Transit Co., 81 S. W. 908; Allen v. Transit Co., 81 S. W. 1142; Clark v. Railroad, 127 Mo. 197, 29 S. W. 1013. Holding that even in cases where passengers were on the running-board, their acts were not negligence *per se*, but must be submitted to the jury.

BLAND, P. J.—Plaintiff boarded an Olive street car, in the western part of the city of St. Louis, to be carried to the intersection of Ninth and Olive streets where he intended to get off. The car was crowded and he stood in the aisle until Tenth street was passed, when he stepped out on the front platform preparatory to

alighting when the should reach the Ninth street cross-
ing. He testified that when he stepped out on the front
platform there were three or four men standing there,
one in front of him and between him and the brake. To
avoid knocking or pushing this man against the brake,
plaintiff reached out his full length and got hold of the
handrail, which the evidence shows projected two and
one-half inches beyond the body of the car. While plain-
tiff was in this position, the car collided with, or rub-
bed against, a wagon loaded with cement and lime and
the wagon or the lumps of lime on the wagon came in
contact with plaintiff's hand, badly injuring it. Plain-
tiff did not see the wagon until after he was injured
and had alighted from the car, for the reason his view
from the front was obstructed by people standing on
the platform. On the part of the defendant, the evi-
dence tends to show that the car did not collide with
the wagon at all, that plaintiff's hand came in contact
with a piece of lime on top and near the edge of the
wagon bed, which had on side boards that projected
outwardly. The evidence also tends to show that the
wagon had been stopped in the street for the purpose
of being unloaded, and the car, which was running at a
slow rate of speed, rubbed against the wagon as it
passed.

Under the instructions given by the court, the jury
found the issues in favor of the defendant Transit Com-
pany. Plaintiff in due time filed his motion for new
trial, which was sustained by the court. The Transit
Company appealed from this ruling.

The answer of the defendant Transit Company was
a general denial. The court, however, gave the follow-
ing instructions for the defendant on contributory neg-
ligence:

"8. If the jury find from the evidence that the
injuries sustained by plaintiff were caused either solely
by his own negligence or by the mutual and concurring
negligence of himself and the defendant, St. Louis

Transit Company, and that the negligence of the Transit Company without the concurring negligence of plaintiff would not have caused the injuries to plaintiff's hand, then plaintiff can not recover in this action, and your verdict will be for defendant.

"9. If the jury find from the evidence that while defendant's car was running and when it was within a block of where plaintiff intended to alight from the same, plaintiff without invitation from defendant's servants, voluntarily left said car and went out on the platform or the steps leading to the front platform on said car and took hold of a handrail projecting beyond the side of the car; and if the jury find from the evidence that said situation in which plaintiff was riding was not a reasonably safe one, and that plaintiff's conduct in so riding was negligence on his part, and directly caused or contributed to bring about his injuries, then he can not recover in this action, and your verdict will be for the defendant, and this is true, although you may further find from the evidence that the defendant, St. Louis Transit Company, was guilty of negligence.

"10. Any adult male passenger, possessed of ordinary mental capacity and intelligence, who knowingly and voluntarily takes an unsafe or dangerous position on a moving car, without any present necessity for so doing, and when by remaining elsewhere on or within the car until it stops, he would be safe, does so at his own peril; and if by so doing he receives injury, he alone is responsible for the result."

It is conceded by both parties that the court sustained the motion for new trial on the ground that these instructions were erroneous. An instruction on contributory negligence may be given, in the absence of such a plea, where the plaintiff's own evidence shows that he was guilty of negligence that contributed to his injury. Hudson v. Railway, 101 Mo. 13, 14 S. W. 15; Chaney

v. Railway, 176 Mo. 598, 75 S. W. 595; Allen v. St. Louis Transit Company, — Mo. —, 81 S. W. 1142. Instructions numbered eight and ten, given for the defendant, are correct as general propositions of law and were probably given in the case for the reason the position taken by plaintiff on the front platform had a tendency to show some negligence on his part. Instruction number nine is not supported by the evidence, for the reason plaintiff's evidence nowhere indicates that he took his position on the step of the platform, and the giving of this instruction was such error as warranted the court in granting the motion for new trial.

The contention that plaintiff failed to make out a *prima facie* case is not supported by his evidence. It was not negligence *per se* for him to attempt to get off the car by way of the front platform nor negligence *per se* for him to leave his place in the crowded car and go to the front platform before the car arrived at the crossing where he intended to get off. This is a common practice by male passengers on street cars, in the city of St. Louis, of which practice the street car management not only has the knowledge but which it tacitly favors, supposedly for the reason it expedites the running of the cars.

The judgment is affirmed. All concur.