## POLLARI v. SALT LAKE CITY.

No. 6942.  Decided January 6, 1947.  (176 P. 2d 111.)

See 43 C. J. Municipal Corporations, sec. 1823; 38 Am. Jur. 1081. Municipal liability for injury due to condition of street, note, 109 A. L. R. 605. See, also, 25 Am. Jur. 670.

*R. Verne McCullough*, of Salt Lake City, for appellant.

*Rawlings, Wallace & Black* and *Clyde & Coray*, all of Salt Lake City, for respondent.

WOLFE, Justice.

Appeal from a judgment rendered in a suit for damages for personal injuries which judgment was on a verdict finding no cause of action.

Mrs. Pollari sued Salt Lake City for injuries she sustained in a fall on a public sidewalk in Salt Lake City. She sought recovery on the theory that the injury was caused by her falling as a result of stepping in a hole in the sidewalk. The hole was next to an irregularity in elevation between two sidewalks. She claimed the irregularity and hole made a hazardous condition of which the city had notice, actual or constructive, but had failed to repair. The city denied

that the injury was caused in the manner alleged by the plaintiff, denied any negligence in failing to discover or repair the condition and alleged as an affirmative defense that the injury was caused by Mrs. Pollari, due to her own negligence, slipping on ice which was on the sidewalk.

At the trial the jury returned a verdict of no cause of action. Mrs. Pollari appeals.

Her first contention is that the trial court committed prejudicial error in submitting to the jury the question of contributory negligence because that defense was neither pleaded by the defendant nor did the evidence raise that issue.

The plaintiff's theory of the cause of the fall was that she stepped into a hole in the sidewalk. The defendant's theory is that the fall resulted from the plaintiff slipping on the icy sidewalk.

It is clear that as to defendant's theory of the cause of the fall, contributory negligence of the plaintiff is pleaded. As to plaintiff's theory of the cause of the fall, defendant did not plead plaintiff's contributory negligence. The allegation of plaintiff's contributory negligence made by the defendant is expressly limited to the defendant's theory of the case.

In this State contributory negligence is an affirmative defense which must be alleged by the defendant in order that the issue may be tendered by the pleadings. *Smith* v. *Ogden & N. W. R. Co.*, 33 Utah 129, 93 P. 185; *Jensen* v. *Logan City*, 89 Utah 347, 57 P. 2d 708; 1 Bancroft Code Pleading 451; 1 Shearman and Redfield on Negligence, §§ 123 and 128.

The defendant did not plead contributory negligence as to plaintiff's theory of the cause of the accident. Therefore, the pleadings do not tender that issue on plaintiff's theory of the case.

However, it does not necessarily follow that it was error for the trial court to instruct on contributory negligence when instructing on plaintiff's theory of the cause of the fall. Contributory negligence even thought not tendered

by the pleadings may nevertheless be brought into the case if it appears in the plaintiff's evidence. *Jensen* v. *Logan City,* supra; *Smith* v. *Ogden & N. W. R. Co.,* supra; *Holland* v. *Oregon Short Line R. Co.,* 26 Utah 209, 72 P. 940; *Clark* v. *Oregon Short Line R. Co.,* 20 Utah 401, 59 P. 92; *Bunnell* v. *Rio Grande W. R. Co.,* 13 Utah 314, 44 P. 927; *Riley* v. *Good,* 142 Or. 155, 18 P. 2d 222; *Pim* v. *St. Louis Transit Co.,* 108 Mo. App. 713, 84 S. W. 155; *Kofoid* v. *Beckner,* 70 Cal. App. 624, 234 P. 113.

In the early case of *Smith* v. *Ogden & N. W. R. Co.,* supra, this court said the plea of contributory negligence by the defendant is necessary to entitle the defendant to introduce evidence of contributory negligence but intimated that absent a plea of contributory negligence, if evidence of contributory negligence were submitted by the defendant without objection as being outside the issues tendered by the pleadings, such evidence could bring contributory negligence into the case. The court said:

"So, too, whenever there is sufficient evidence in a case, *whether supplied by the plaintiff or by the defendant,* upon which a charge of contributory negligence may properly be predicated, the court, at the request of either party, should charge upon the subject, although again there is no plea of contributory negligence." 93 P. 188. (Italics added.)

In this case we need not decide whether evidence introduced by defendant without objection may be considered as a basis for the instruction of contributory negligence because, as will be noted hereafter, we think contributory negligence could be found from plaintiff's evidence alone.

The test of the sufficiency of evidence to support an instruction is: Evidence sufficient to support a finding upon a particular issue is sufficient to support an instruction upon such issue. See Randall's Instructions to Juries, § 140.

The pertinent physical evidence is: The accident occurred on the main sidewalk in front of a house designated as No. 30 "D" Street, Salt Lake City, hereinafter called the Baker house, at approximately 7:30 p. m. (War Time)

February 4, 1944. That sidewalk is four feet wide; ■
it runs north and south and at the place in question
slopes gradually up to the north. A four-foot sidewalk
running at right angles to the main walk connects the
Baker house with the main sidewalk. A three-foot sidewalk
also running at right angles to the main walk connects the
main walk with the curb. The north edge of the sidewalk
to the curb is practically in line with the south edge of the
sidewalk from the Baker home. On the day of the accident
mounds of snow were along the sides of all these sidewalks.
Water had melted from the snow and had run down the
main sidewalk and at the time of the accident had frozen
into ice.

The ice extended from the east edge of the main sidewalk,
north of the juncture of the Baker and main sidewalks,
diagonally across the main sidewalk to the west side thereof
south of the juncture of the main sidewalk and the one to
the curb. The ice on the main sidewalk varied in width from
about one foot to about two and a half feet.

There was a depression in the main sidewalk at about
the center of where the curb sidewalk joined the main walk.
This depression was about 5″ long, 3″ wide and 1 or 1½
inches deep (testimony as to the depth is in conflict). At
the time of the accident the edge of the curb sidewalk
where it joined the main walk was one or two or two and
a half inches (testimony in conflict) higher than the main
sidewalk, thus forming a "step" up from the main walk.

In substance the pertinent testimony of the witnesses is
as follows: Mrs. Pollari gave her age as 64 and stated that
she had frequently visited the Baker home during the two
years before the accident. On the 4th day of February,
1944, at approximately 4:30 in the afternoon she visited
Mrs. Baker at 30 "D" Street. When she left it was ap-
proximately 7:30 in the evening and was starting to get
dark. As she approached the main sidewalk walking along
the Baker sidewalk she observed ice on that walk. In at-
tempting to avoid stepping on this ice, she turned to the
left and while her attention was still centered on the ice

she attempted to step over it. The heel of her shoe alighted in the hole or depression which was located on the west edge of the main sidewalk and another part of her shoe alighted on the raised edge of the sidewalk which connected the curb and main walk. As a result of stepping into the hole and onto the "step" she fell. The fall caused severe pain in her right hip (later revealed to be caused by a fracture of the right femur). She immediately cried out for help at the same time trying to crawl on the sidewalk to the north. Mr. Baker, husband of Mrs. Baker, whom she had been visiting, came from his home at 30 "D" Street to her assistance. She testified that she crawled "four or five steps" up the hill on the main sidewalk before Mr. Baker got to her. She said that she did not see the defective condition of the sidewalk before she fell but that between the time of the fall and when Mr. Baker came to her assistance she saw the hole and the difference in elevation and saw that there was no ice in or around the hole but that there was snow in and around the hole. On cross-examination she admitted that the snow had been cleared off all the sidewalks except in the hole and on the "south side" (wherever that is).

Plaintiff's son testified that fifteen or twenty minutes after the accident he examined the scene of the accident. He said the hole was about five inches long, about three inches wide and about an inch and a half deep. He testified that there was a little snow in the hole but no footprints. He observed that the edge of the sidewalk to the curb at its juncture with the main sidewalk was two or two and a half inches higher than the main sidewalk. He also testified that there was water in the hole. He said there was some snow along the "step" formed by the two sidewalks.

Mr. Baker, husband of the plaintiff's friend, was called as a witness by the defendant. He testified that the sidewalks involved were clear of snow and that it had not snowed for perhaps three or four days. He said that soon after Mrs. Pollari left the house on the day of the accident his wife heard her cry for help and ran to the door; he did likewise and saw Mrs. Pollari on her knees on the main sidewalk.

He rushed to her assistance. He said that as he reached Mrs. Pollari he asked her if she slipped on the ice and she said "On the ice." He testified that he could not pick her up because he was standing on the ice but with the help of a passerby he was able to get her in the house.

On cross-examination it was brought out that shortly after the accident Mrs. Pollari's attorney called at the Baker home and obtained a statement from Baker purporting to give his information on the incident. The statement was written by plaintiff's attorney. Baker signed it after writing at the end thereof "I have read the above statement and the same is true." In the statement Baker says that Mrs. Pollari was unable to and did not tell him how the fall occurred and that he "understands now" that Mrs. Pollari stepped partly in the hole in the main sidewalk and partly on the raised connecting sidewalk which caused her fall. At the trial Baker testified the above statement was taken under unsettled conditions and that it did not give all the facts correctly and that he signed it because plaintiff's attorney wanted him to.

Admittedly there is sufficient evidence from the above testimony to support a finding or verdict that the fall resulted from plaintiff's stepping partly into a depression and partly onto an elevation in public sidewalks. Is there sufficient evidence supplied by plaintiff's witnesses to support a finding that the fall (assuming it happened as plaintiff contends) resulted in whole or in part from plaintiff's own negligence?

No one testified that the "step" on the line of the curb and main sidewalks was covered with snow though there is testimony that a little snow was along the raised portion. The evidence shows that it was light enough so that plaintiff could see the ice and so that in the very short time between her fall and the arrival of Mr. Baker to assist her she was able to see the hole, the difference in elevation, and the presence or absence of snow. If those observations were made, it was while she was suffering excruciating pain. The plaintiff's son some fifteen minutes after the

injury was able to see the hole and to see that there was some snow and water therein and to see the difference in elevation between the two sidewalks. There is no evidence that he required artificial light to ascertain those facts. The jury could have determined that the "step" and hole was sufficiently obvious that the plaintiff in the exercise of due care under the circumstances should have seen it. We are of the opinion that there was sufficient facts to have supported a finding of contributory negligence of the plaintiff in not seeing the hole and the "step" between the two sidewalks. It was therefore not error for the trial court to instruct on contributory negligence on plaintiff's theory of how the fall occurred.

Our holding that the lower court did not err in instructing on contributory negligence within the framework of plaintiff's theory of the case although not pleaded by defendant must not be construed to mean that had the trial court refused or failed to instruct in that regard it would have been error as to the defendant.

The court's statutory duty (Section 104-24-14(4), U. C. A. 1943) to instruct "upon the law applicable to the case" pertains to the "case" made by the evidence in support of the allegations in issue. Ordinarily to instruct on the law applicable to evidence which did not support allegations upon which issue was joined or which supported theories outside of the scope of the pleadings would be erroneous. See Randall's Instructions to Juries §§ 125 to 130. There is an exception in negligence cases where contributory negligence clearly appears from evidence introduced by the plaintiff or in evidence introduced by defendant not objected to by the plaintiff. See all cases previously cited.

This is because in theory the plaintiff cannot recover where he himself did not observe the standards the law imposes upon him. *Jensen* v. *Logan City,* supra; *Riley* v. *Good,* supra; Bohlen's Studies in the Law of Torts, page 530.

But especially in this jurisdiction where we have held to the principle that as a matter of fairness the plaintiff should be notified of an intention to claim and prove contributory negligence, the court should not give an instruction on contributory negligence in absence of pleading which alleges it and proof in support thereof unless it clearly and obviously appears that the jury could find such fact from the evidence introduced on behalf of the plaintiff or by the defendant without objection of the plaintiff. Where contributory negligence is not pleaded and the court refuses to instruct in regard to evidence which it is claimed meets the above requirements, such refusal will not be held to be error unless it obviously and clearly appears from the evidence which has come in under circumstances above mentioned and then only if a request has been made for an instruction and the same refused.

The trial court is not required in the absence of a pleading of the issue to search the evidence for contributory negligence and to instruct on every or any theory and possibility that by some interpretation or by certain combinations or aspects of the evidence the jury might find the plaintiff guilty of contributory negligence.

But in this case, as above stated, while the trial court would not have fallen into error had it refused or not given the instruction, the evidence was such that the giving of the instruction was proper, there being plain and direct inferences from plaintiff's evidence which would have supported a finding of contributory negligence.

Plaintiff's second contention is that the trial court committed prejudicial error in defining the standard of care required of a city in discovering defects in its public sidewalks. The trial court instructed (No. 3) :

"If you find from a preponderance of the evidence that the defect in the sidewalk at the place in question was of such a character as to constitute a hazard to pedestrians walking on said sidewalk while exercising due care for their own safety, and that said defect had existed for such a length of time that the defendant city, in the exercise of due care and their duty to maintain said sidewalk in a

reasonably safe condition for pedestrian traffic, should have discovered the same and repaired it, * * * your verdict should be in favor of the plaintiff and against the defendant, * * *."

Plaintiff contends the instruction does not emphasize an active, positive duty of vigilance in detecting defects which she contends is the duty imposed on a city in maintaining its public streets. Further, the words "due care" are "nebulous" and do not set up the definite standard of care required of the defendant city.

"Due care" and "ordinary care" are usually held to be synonymous. See 30 Words and Phrases, Perm. Ed., page 184.

A city's duty in reference to the maintenance of its streets and sidewalks is stated by authoritative text writers as follows:

McQuillin Municipal Corporations, 2nd Ed., Vol. 7, page 36, § 2909 states:

"Scope, extent and nature of duty of municipality.

"As the municipality is not an insurer against accident, nor a guarantor of the safety of travelers, it need not keep its public ways in a perfect or in an absolutely safe condition, but the general rule, uniformly supported by judicial decisions, is that its duty in this respect is adequately discharged if it exercises *ordinary care* to keep them in a reasonable safe condition for travel, in the usual modes, day or night * * *." (Italics added.)

Page 40, § 2910.

"Necessity for showing of municipality's negligence and degree of diligence required—in general.

"The general rule, established by the weight of authority, is that the municipality is only required to exercise *ordinary or reasonable care,* that care (as constantly expressed by early and late judicial utterances, with slight or no deviation) which an ordinarily prudent man would exercise under like circumstances, in maintaining public ways at all times in a reasonably safe condition for travel in the usual modes, and for the customary street uses, a rule which is most frequently applied to accidents on city sidewalks, but also applies to village ways." (Italics added.)

Shearman and Redfield on Negligence, Revised Edition, Vol. 2, § 354, reads in part:

"* * * the duty of the municipality is to exercise *ordinary care* to keep its streets and sidewalks in a reasonably safe condition, for the purposes to which they are devoted, that the duty is a continuing one, and that it is liable to any one so using them who in the exercise of due care is proximately injured by its negligent failure to do so, whether such use is by day or night." (Italics added.)

We think the instruction given by the court substantially states the law as to the city's duty and therefore there is no merit in plaintiff's contention that the trial court erred in instructing the jury as to that standard of care.

The third contention made by the plaintiff is that the trial court erred in refusing to instruct the jury that the city had constructive notice of the defect in the sidewalk.

Unless the circumstances are such that the court as a matter of law can say that the city had constructive notice of the defect the question of notice is for the jury. *Scoville* v. *Salt Lake City*, 11 Utah 60, 39 P. 481; *Jones* v. *Ogden City*, 32 Utah 221, 89 P. 1006.

In the case at bar the hole was small, at most five inches by three inches by one and a half inches deep. It was on the edge of the main sidewalk. The difference in elevation of the two sidewalks was one to two and a half inches. These conditions had existed for approximately two years in a residential district of the city.

The question of whether the city exercised proper vigilance to discover defects depends on the element of time, the nature and extent of the defect, its prominence in location and other factors bearing on what could reasonably be expected of a reasonably acting person charged with the duty of supervising miles of streets and sidewalks. We think under the facts and circumstances of this case the question of constructive notice was a question for the jury.

Plaintiff's contention that the verdict is against the great weight of the evidence is obviously without foundation to anyone who reads the record. The improbability of the fall occurring as the plaintiff testified it did, the fact that no footprint was found in or around the hole by ■ plaintiff's son, who examined it a matter of minutes after the accident, the plaintiff's statement "On the ice" made immediately after the fall in response to Baker's question—these facts with others clearly support the verdict of no cause of action.

We feel it appropriate to observe that this is an excellent example of a case where the use of a special verdict or special interrogatories would have been most helpful. The verdict rendered does not reveal whether the jury found no cause of action because it found the fall resulted from slipping on the ice *or* because of no negligence of the city in failing to discover the defects in the sidewalk *or* because of no negligence of the city in not repairing the defects *or* of contributory negligence of the plaintiff in stepping in the hole and on the "step." Had a special verdict or special interrogatories been used (as explained and recommended by Mr. Justice Wade in his helpful article entitled "Reforms in Jury Instruction," Vol. 16, Nos. 5, 6 & 7, Utah Bar Bulletin, May-June-July, 1946, page 73) the basis of the verdict would be apparent and our problems on this appeal would have been much simpler. Had a special verdict been given or special interrogatories been used, it is very possible that this appeal would not have been made.

The judgment of the lower court is affirmed. Costs to respondent.

McDONOUGH, PRATT, and WADE, JJ., concur.

LARSON, Chief Justice (dissenting).

I concur in most of what is said in the opinion, but must dissent from the holding that the evidence justified the giving of an instruction on contributory negligence. To find that plaintiff was injured by stepping into the hole in

the sidewalk must of necessity be predicated upon a finding that the sidewalk was icy in streaks and spots, and that plaintiff in trying to avoid these ice spots stepped into the hole and fell. The evidence would admit of no other construction as to her stepping into the hole. Under the undisputed state of the record as to the conditions of light and darkness, and the location and size of the hole as detailed in the opinion, I think a jury should not be permitted to say that plaintiff was negligent in not seeing the hole. Therefore I can find no basis for an instruction on contributory negligence. If plaintiff fell from slipping on the ice, and such act of stepping on the ice were negligent, that would not be contributory negligence. That would be another, an independent, cause of the fall, and would be the sole proximate cause of the accident. Since I conclude the giving of the instruction on contributory negligence was error, I think such instruction might well have misled the jury, and the judgment should be reversed. While dissenting from the conclusion and order of the prevailing opinion, I specially concur in and wish to emphasize the following statement of Mr. Justice Wolfe:

"* * * The court should not give an instruction on contributory negligence in absence of pleading which alleges it and proof in support thereof unless it *clearly* and *obviously* appears that the jury could find such fact from the evidence introduced on behalf of the plaintiff or by the defendant without objection of the plaintiff." (Italics mine.)