400 P.2d 562

**Robert Lee JONES, Plaintiff and Respondent,**

**v.**

**Claudius D. KNUTSON and Salt Lake City Lines, a Utah corporation, Defendants and Appellants.**

**No. 10163.**

Supreme Court of Utah.

April 2, 1965.

---

Ray, Quinney & Nebeker, W. J. O'Connor, Jr., Ramon M. Child, Salt Lake City, for appellants.

John H. Allen, Salt Lake City, for respondent.

McDONOUGH, Justice.

Robert Lee Jones, plaintiff, was injured in his automobile when defendant's bus, operated by Claudius D. Knutson, collided with the rear of plaintiff's vehicle. From an adverse jury verdict and judgment entered thereon, defendant appeals.

About 4 p. m. on November 2, 1961, Mr. Jones and his passenger, following a car in the outside lane, were traveling west on 9th South between 12th and 11th East in Salt Lake City. This strip of 9th South is blacktopped, four laned (two eastbound lanes and two westbound lanes), and on a fairly steep hill. The street was dry and visibility was good. Two shoes fell from the car in front of plaintiff, and the woman driver of the car parked next to the curb and went in front of plaintiff's car to recover the shoes. Plaintiff looked through his rearview mirror, saw no vehicles behind him, handsignaled for a stop, and stopped to pick up one of the shoes by reaching from the open car door. After picking up the shoe from his seat in the car, plaintiff handed it to his passenger, rolled the car forward about 50 feet, and stopped to allow his passenger to give the shoe to the other driver. (About one and one-half minutes elapsed between the initial stop and the collision.) Immediately thereafter defendant's bus collided with the back end of plaintiff's vehicle. Testimony discloses that plaintiff, by failing to look in his rearview mirror, was unaware of the approaching bus; and

also that defendant bus driver had plaintiff's car in vision from the time he made his safety stop on 12th East, about 400 feet from the collision site. Plaintiff did not signal for his second stop; however, his brake lights were lit from time of initial stop as he kept his foot on the brake. Defendant bus driver saw the brake lights, but did not sound the horn or brake the bus for a stop until 70 feet from plaintiff's car while going between 12 and 15 miles per hour. He was prevented from turning into the inner westbound lane by the presence of an automobile beside him. Testimony discloses the brakes of the bus were not defective.

Appellant charges the lower court with error in that: 1) it failed to instruct jury that plaintiff was negligent as a matter of law, and 2) it instructed on the doctrine of last clear chance.

■■ Appellant's second contention will be considered first. It claims that its bus driver did not have a last, fair or clear chance to avoid the collision. We agree if we view only the sequence of events from the time the bus was 70 feet from plaintiff's vehicle. But this court prefers to consider the facts from the time defendant entered the event, i. e., from the safety stop at 12th East. Defendant's driver observed plaintiff's peril when he stopped about 400 feet from plaintiff's car. The bus driver saw plaintiff's brake lights, the slow movement of plaintiff's car, and he must have noticed the driver of the parked car anticipating something from plaintiff. The crux is whether the bus driver *actually knew* that plaintiff was oblivious to his presence and was consequently in a dangerous peril unless he stopped the bus. The last clear chance doctrine is applicable to a situation where the plaintiff's position of peril has arisen from his own negligence only if the defendant actually knew of plaintiff's peril, because plaintiff was not in an inextricable peril, Fox v. Taylor, 10 Utah 2d 174, 350 P.2d 154, and cases cited therein. The bus driver's actual knowledge is a fact question for the jury.

■■ Appellant argues that the brakes of the bus would not hold enough to stop it in time, and it cites the precedent negligence cases to exempt it from operation of the doctrine, Anderson v. Bingham & Garfield Ry. Co., 117 Utah 197, 214 P.2d 607. The record contains testimony that the brakes were not defective. Their condition was also a factual question for the jury. If the brakes were not defective and the collision resulted because the bus driver negligently failed to apply them in time, the last clear chance doctrine applies.

■ As seen from above, the applicability of the doctrine in this case depends on two factual determinations. If there is record evidence which would reasonably support a finding that the bus driver *actual-*

*ly knew* of plaintiff's inattention, and that the brakes were not defective, the case must be given by the trial judge to the jury under the doctrine of last clear chance for these factual determinations, Morby v. Rogers, 122 Utah 540, 252 P.2d 231. We believe and hold that there is sufficient evidence in the record for such a determination.

■ Appellant's first contention becomes moot in light of our holding on his second contention and will not be considered. If the jury found the necessary facts for the last clear chance doctrine present, it matters not whether plaintiff was contributorily negligent.

The proceedings in the lower court are affirmed, with costs to respondent-plaintiff.

CROCKETT, WADE, and CALLISTER, JJ., concur.

HENRIOD, Chief Justice (dissenting).

I respectfully dissent, suggesting that "last clear chance" has no applicability here. The facts recited in the main opinion themselves establish such a negative conclusion. Such recited facts only have to do with the primary negligence of each party, and could not justify even a conjecture that defendant *clearly* could have avoided the accident after being cognizant of plaintiff's negligence. There is nothing reflecting

any last *clear* chance, last *almost clear* chance, any last *dubious* chance, or any chance at all to avoid the collision.

It is clear that at that magic, split-second moment that has given this court so much trouble, and which etymologically has prompted some courts to attribute to the word "clear" synonymity with "highly improbable," the defendant, had he turned to the right would have hit the car of the shoeless lady in distress, and had he turned to the left would have decimated another car driving alongside. Only an ectoplastic flight through space could have avoided the accident, and that course was not too *clear*.

The main opinion asserts that if 1) defendant knew of plaintiff's negligently induced predicament, and if 2) defendant's brakes were not defective, the case must be given to the jury with a last clear chance instruction. Not so. The opposite is true. Such submission on that theory is error, absent other facts in the record that present at least some controversion which a jury, discounting some disputed evidence, had before it in the form of other, and believable facts, from which reasonable persons could conclude that there was a *clear* chance—not just any old kind of chance—to avoid the accident. Such is not the case here, and having simple 1) knowledge of the peril and 2) good brakes, obviously is insufficient to invoke the doctrine. Other-

wise we might as well say there may have been a last *clear* chance after the last *clear* chance, ad infinitum.

The case should be remanded for a new trial.