487 P.2d 1267

LaVar F. REESE and David Reese, by and through his Guardian Ad Litem, LaVar F. Reese, Plaintiffs and Respondents,

v.

George PROCTOR, Defendant and Appellant.

No. 12372.

Supreme Court of Utah.

Aug. 17, 1971.

10. Footnote 4 above.

Raymond M. Berry, of Worsley, Snow & Christensen, Salt Lake City, for defendant-appellant.

Robert M. McDonald, of Jones, Waldo, Holbrook & McDonough, Salt Lake City, for plaintiffs-respondents.

GOULD, District Judge:

The defendant appeals from an adverse verdict of the jury in an action growing out of an automobile-bicyclist collision at the intersection of DeVille Drive and 7000 South Street in Salt Lake County. 7000 South Street is a through east-west street. DeVille Drive joins 7000 South Street from the south and forms a "T" intersection.

The plaintiff, a 15-year-old retarded boy, approached 7000 South Street in a northerly direction along DeVille Drive. It is conceded that plaintiff failed to stop for the stop sign on the south side of 7000 South Street. The defendant was westbound along 7000 South Street in an automobile approaching DeVille Drive. To the de-

fendant's right and ahead of the plaintiff on the north side of 7000 South Street is a shopping center with parking lot and entrances off 7000 South, northward of DeVille Drive.

The defendant testified that he saw plaintiff at the drain gutter on the south side of 7000 South Street traveling north, looking straight ahead. From the drain gutter to the impact point is a distance of 40 plus feet. The independent witness, a resident of the neighborhood, fixed plaintiff's speed on his bicycle at about five miles per hour. An expert witness, by the use of skid marks from the defendant's car and reaction time of ¾ second, established a required stopping distance of 38 feet and a speed of 35 miles per hour on the part of the defendant. By mathematical calculation based upon the above evidence, the jury could reasonably find that defendant had the plaintiff within his range of vision, crossing from defendant's left into defendant's pathway, for 5.75 seconds. The defendant testified, apparently without reason therefor, that he thought plaintiff was going to turn left, although he had also testified that plaintiff was looking straight ahead. The defendant continued on and collided with plaintiff and plaintiff's bicycle in defendant's lane of traffic. There was no eastbound traffic on 7000 South Street.

Upon this state of facts the trial court instructed upon the doctrine of last clear chance, and plaintiff recovered a verdict. The defendant asks reversal asserting that the issue of last clear chance should not have been given to the jury for determination and that in doing so the trial court committed prejudicial error.

The issue therefore presented by the appeal is whether the court committed error in instructing the jury in respect to the doctrine of last clear chance.

The last clear chance doctrine is applicable to a situation where plaintiff's position of extricable peril has arisen from his own negligence only if the defendant *actually knew* of plaintiff's extricable peril, Fox v. Taylor, 10 Utah 2d 174, 350 P.2d 154, and cases cited therein.

The same rule stated by the text writers is: Where plaintiff himself could avoid danger by checking his approach to it or by stepping out of its path, but fails to do so because of negligent inattention, and defendant knows plaintiff's position and realizes or has reason to realize his inattention, and after such knowledge and realization (actual or constructive) could have avoided injury by the use of reasonable care, then plaintiff is entitled to invoke the doctrine.

Defendant relies on Donohue v. Rolando, 16 Utah 2d 294, 400 P.2d 12, to sustain his position for reversal. Donohue says that under the doctrine of last clear chance there

must be a clear and fair opportunity, not a mere possibility, to avoid the accident. In Donohue the bicyclist was traveling the same direction as the motorist, and was being overtaken by the motorist. As the motorist was about to pass the bicyclist, the bicyclist swerved suddenly to the left into the path of the defendant's automobile and there was no clear and fair opportunity for defendant to avoid striking the cyclist.

█ We recently applied that doctrine in Jones v. Knutson, 16 Utah 2d 332, 400 P. 2d 562. In Jones v. Knutson, supra, defendant bus driver first observed plaintiff's peril when defendant stopped 400 feet from plaintiff's car, but asked the court to consider defendant's actions only during the last 70 feet of defendant's travel prior to impact. We said there, and we say here, that we prefer to consider the facts from the time defendant entered the event. The trier of the facts had before it credible evidence that defendant actually knew of plaintiff's inattention and took no action for a period of time that reasonably could be found to be 5.75 seconds. This gave defendant a clear and fair opportunity to avoid impact, but the defendant chose, unreasonably, we think, to believe that this inattentive plaintiff would turn his bicycle. The court properly submitted the six factual issues necessary to invoke the doctrine, to the jury for determination and they were determined against the defendant.

The judgment of the District Court is affirmed.

CALLISTER, C. J., and TUCKETT, J., concur.

HENRIOD and ELLETT, JJ., having disqualified themselves, do not participate herein.

CROCKETT, Justice (concurring specially):

I concur in affirming the judgment. Inasmuch as the question relating to the submission of the case to the jury on the theory of "last clear chance" involves some difficulty and some disagreement, as indicated by the dissent, I desire to set forth my reasons for approval of doing so.

The foundational premise from which such an analysis must proceed is that one who is himself guilty of negligence which proximately causes his own injury ordinarily cannot recover from someone else for causing that injury, even though the latter may be. guilty of negligence which also concurs in proximately causing it.[1] The doctrine of last clear chance is sometimes said to be an exception or modifica-

---

1. Hughes v. Hooper, 19 Utah 2d 389, 431 P.2d 983; and see Pollari v. Salt Lake City, 111 Utah 25, 176 P.2d 111.

tion of the principle just stated.[2] It arises from the humanitarian idea that even though a person (first actor) may have been negligent in getting into a position of peril, another person (second actor) who becomes aware of the peril of the first, and who has a fair and clear opportunity to avoid injury to the first, is obliged to exercise due care in connection with his then existing ability to avoid injury to the first actor. This is in harmony with the general policy of the law of discouraging harm or injury wherever possible.

We have heretofore had occasion to discuss "last clear chance" situations and approve the law as summarized in Restatement of Torts, Sections 479 and 480.[3] Section 479 deals with the situation where the plaintiff has negligently got into a position of inextricable peril. A classic example is a person caught in the frog of a railroad switch. The defendant is held responsible if he *either actually knows, or* in the exercise of reasonable care *should know*, of the plaintiff's peril, but nevertheless negligently proceeds and causes the injury. This is so because in such a situation the defendant's

later negligence is the final and decisive factor in producing the injury.

Section 480 deals with different circumstances, where the plaintiff is in a situation of continuing negligence, so that at any instant he could, by exercising due care become aware of and avoid the peril. In such a situation plaintiff's own continuing negligence is usually considered to be a proximate cause of his injury, and precludes his recovery. But there are particular circumstances in which, because of the doctrine of last clear chance, that conclusion does not necessarily follow. Though the plaintiff may be in a position of peril because of his own negligence which is continuing, if ·it be shown that defendant acquired *actual knowledge of the plaintiff's peril*, and the. defendant should realize that the plaintiff is unlikely to discover his peril in time to avoid harm, and the defendant thereafter has a fair, clear opportunity to avoid the injury, the law imposes upon him the obligation "to utilize with reasonable care and competence his then existing opoprtunity to avoid the harm," and reasons that if he fails therein he is held responsible.[4]

2. See discussion in Prosser, Law of Torts, 437, et seq.

3. See Anderson v. Bingham & Garfield Ry. Co., 117 Utah 197, 214 P.2d 607; and Compton v. Ogden Union Ry. & Depot Co., 120 Utah 453, 235 P.2d 515.

4. Restatement, Torts: "§ 480. Last Clear Chance: Inattentive Plaintiff. A plaintiff who, by the exercise of reasonable vigilance, could discover the danger created by the defendant's negligence in time to avoid the harm to him, can recover if, but only if, the defendant

   (a) knows of the plaintiff's situation, and

   (b) realizes or has reason to realize that the plaintiff is inattentive and

This is true because of the significant difference between the respective positions of the plaintiff and the defendant. The *plaintiff* is then in danger, of which he *is unaware*. In contrast to this, the *defendant has knowledge* of the plaintiff's peril, and should realize that he is oblivious to it. The defendant's obligation to utilize with reasonable care his opportunity to avoid the harm includes consideration of his then superior knowledge of the situation. In this awareness defendant then has not only, as the descriptive title of the doctrine states, "the last clear chance," but has what appears to be the best and only remaining opportunity to avoid the harm. Accordingly, if he fails to use with reasonable care and competence his then existing opportunity to avoid it, it seems consistent with reason and justice to hold him responsible.[5]

In our case there is a reasonable basis in the evidence from which the jury could find, and I must assume did find, the facts essential to the application of the doctrine of last clear chance in accordance with Section 480 of the Restatement of Torts as just discussed. The trial court in a carefully and accurately prepared instruction so submitted the case, advising the jury that in order for the plaintiff to recover it must appear that David Reese was, "by reason of inattention or lack of proper alertness," unaware of the peril that threatened him; that defendant *actually saw* David Reese and *knew of his perilous position*; that he then realized, or by the exercise of due care should have realized, that David Reese was oblivious to the danger; and that the defendant in such awareness, by the exercise of due care with his then existing ability, had a fair, clear opportunity to avoid the collision, and failed to do so.[6]

In accordance with what has been said above, I agree that the jury verdict in favor

therefore unlikely to discover his peril in time to avoid the harm, and

(c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm."

5. The very language of the phrase itself: that the defendant has "the last clear chance" to avoid the injury impresses me as being as descriptive as any yet devised to describe the reason or the justification for invoking the doctrine and holding the defendant responsible, even though the negligence of the plaintiff is a causative factor in the situation. Prof. Prosser in his Law of Torts, pp. 437–443, has pointed out the difficulties related to

the concept of "proximate cause," and if this be rejected, the relationship to comparative negligence; and that justification of last clear chance is sometimes variously explained upon the basis that the defendant acting later and with fuller knowledge is "the last wrongdoer" or that as such he has "the higher degree of fault" or "the greater blame" or the "decisive blame" and should be held responsible, citing cases therein for each of such propositions, and also classification of cases in 92 A.L.R. 47 and 171 A.L.R. 365.

6. See Morby v. Rogers, 122 Utah 540, 252 P.2d 231.

of the plaintiff, based on the facts as predicated in the court's instruction, should be affirmed.

FAUX, District Judge (dissenting):

I dissent. The Jones v. Knutson case, referred to and relied upon in the main opinion, presumably proposed to move entirely out of our law any LAST CLEAR chance doctrine.

Consider one of the possible postures relative to fault on part of the defendant, that he knew of plaintiff's inattention to the peril and of plaintiff's inability by reason of the inattention to avoid that peril. Defendant's knowledge of it and continuing on of his course would amount to a wilful act not a negligent one. In that situation contributory negligence should not bar plaintiff's suit for relief and more probably constitutes grounds for demanding punitive damages.

Consider the other possible posture that defendant, because of all the circumstances, should have known of the peril but didn't. Now, as to fault, the parties were on an equal basis both were in inextricable peril of causing an accident. In view whereof, why should this court by the main opinion assure plaintiff against loss by allowing judgment against the defendant to stand? Justification of the judgment seems to be based upon incoherent analysis.

The new doctrine of this case requires no responsibility from or penalty upon a negligent plaintiff. It would be better that we have the rule of comparative negligence. The doctrine now will be: "If it seems to be that defendant could have then he should have avoided the accident."

The case should be remanded for a new trial.