MANN, Judge.
Green v. Kersey, Fla.App.2d 1966, 189 So.2d 236, supports partial summary final judgment in this case but not the final disposition in favor of defendants from which this appeal is taken.
In Green v. Kersey, the contributory negligence of a bicyclist in running through a stop sign into the path of defendant’s car was sufficiently shown as a matter of law to warrant a directed verdict for the defendant. In this case it is clear that Bruce Youngblood, age 12, was negligent as a matter of law in running his bicycle past a clearly visible “Stop” sign into the rear portion of a tractor-trailer driven by defendant Bichard.
There is in this case, however, evidence that the street on which defendant was traveling carried a clearly visible sign indicating that it was a crossing for school children, that children were visible in the vicinity, and that the time during which the intersection was in such use extended to 3:30 p. m. The exact time of Bichard’s passage through the intersection is in dispute, but some evidence would place it within the period during which a 15-mile per hour speed limit prevailed. Bichard put his speed at 25 miles per hour, and ultimately a jury may think this truthful, but one of the juvenile witnesses estimated his speed at 40 miles per hour.
We are thus confronted with the question whether plaintiffs allegations of gross negligence, to which contributory negligence would not be a defense,[1] might possibly reach a jury. We think that a jury of reasonable persons could conceivably conclude that if Bichard were driving a tractor-trailer at least 55 feet long past an intersection marked as a school crossing, where children were visible in the vicinity, at a speed of 40 miles per hour, that he was guilty of gross negligence.[2]
Appellants would persuade us also that last clear chance affords an avenue of recovery. This contention is without merit for reasons which will be apparent upon a closer reading of the case cited to us at argument[3] and a comparison of it with this one. There the defendant saw the plaintiff’s peril; here Bichard did not. Indeed, the appellants’ brief states that Bichard “didn’t seem to know of the accident until he was stopped at approximately 3:40 p.m. some 43^-5 blocks from the scene of the accident.” [4]
Accordingly, we reverse and remand with directions to vacate the final summary judgment for defendants and to enter partial summary final judgment confining the issue to be resolved to the gross negligence of defendants.
LILES, J., concurs.
PIERCE, C. J., concurs in conclusion.

. Johnson v. Rinesmith, Fla.App.2d 1969, 238 So.2d 659.

. See Glaab v. Caudill, Fla.App.2d 1971, 236 So.2d 180.

. Reese v. Proctor, 1971, 26 Utah 2d 219, 487 P.2d 1267.

. Restatement, Second, Torts § 480. Last Clear Chance: Inattentive Plaintiff A plaintiff who, by the exercise of reasonable vigilence, could discover the danger created by the defendant’s negligence in time to avoid the harm to him, can recover if, but only if, the defendant
(a) knows of the plaintiff’s situation, and
(b) realizes or has reason to realize that the plaintiff is inattentive and therefore unlikely to discover his peril in time to avoid the harm, and
(c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm.