**A.B. CHRISTENSON, Personal Representative of the Estate of Michael Lance Christenson, Deceased, Plaintiff and Appellant,**

v.

**M.D. "Pete" HAYWARD, Sheriff of Salt Lake County; Roger F. Taylor, Deputy Sheriff, Salt Lake County; Michael M. Davis, Deputy Sheriff, Salt Lake County; Michael Stewart, Bart Barker, Tom Shimizu, Board of Commissioners, Salt Lake County, Defendants and Respondents.**

No. 19391.

Supreme Court of Utah.

Dec. 11, 1984.

John B. Hiatt, Murray, for plaintiff and appellant.

L.E. Midgley, Salt Lake City, for defendants and respondents.

PER CURIAM.

The plaintiff appeals from the granting of a motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6), Utah R.Civ.P. The complaint alleged negligence of two deputy sheriffs based on their failure to arrest plaintiff's decedent, as allegedly they should have done under their statutory duty to "preserve the peace" and to "make all lawful arrests." [1] The only point on appeal that requires review is whether the officers, believing the decedent to be drunk, failed to exercise the care of an ordinary person.

The only matter before us is the complaint. No amendment was requested and no other pleading was filed. The complaint alleged that the deputies responded to a call from a billiard hall reporting that a drunk was creating a disturbance. They met the decedent, who had been drinking, in the parking lot and requested that he *walk* his motorcycle from the location. The decedent complied, but was killed a few minutes later when he failed to negotiate a curve while *driving* the motorcycle. The complaint alleged that the deputies had reason to believe the decedent was drunk and should have arrested him. There is no allegation of any breach of the peace or that an arrest was necessary to quell a disturbance. The only suggestion of liability was a conclusion that the officers should have made an arrest.

The plaintiff concedes that in the past, the courts have held that statutory duties, as provided above, are owed to the public and not to particular individuals. Plaintiff suggests that we should espouse a trend to the effect that "public employees should be

1. U.C.A., 1953, § 17–22–2.

held liable for their tortious acts to the same extent as private persons." Such position overlooks the fact that the statute does not impose any duty to arrest on a private citizen, only a privilege to do so. To adopt plaintiff's suggestion would be to legislate by judicial fiat.

The authorities cited by plaintiff concern cases of injury to third parties by a driver who was drunk and who was not arrested by an officer who had reason to believe him drunk. Those cases are strangers to the facts alleged here and are without dispositive force.

*Stout v. City of Porterville,* 148 Cal. App.3d 937, 196 Cal.Rptr. 301 (5 Dist.1983), is apropos to the question of whether the complaint states a cause of action. It states:

> The only additional duty undertaken by accepting employment as a police officer is the duty owed to the public at large....
>
> ... Appellants did not allege that [the officer] assured Michael Stout he would take care of him or by his words or conduct induced him to rely on the officer's protection. Appellants did not allege that the officer in any way induced him into a false sense of security. In sum, appellants failed to allege a common law legal duty owed to them by the City and/or [the officer].

(Citations omitted.)

The pleading in this case has not asserted that a duty was violated giving rise to an action for compensable damages. The judgment is therefore affirmed. No costs are awarded.