June TRAPP, Plaintiff and Appellant,

v.

SALT LAKE CITY CORPORATION,
Defendant and Appellee.

No. 900485.

Supreme Court of Utah.

July 7, 1992.

Craig G. Adamson, Eric P. Lee, Salt Lake City, for Trapp.

Roger F. Cutler, Randall Edwards, Salt Lake City, for Salt Lake City Corp.

DURHAM, Justice:

The sole issue for review is whether the trial court erred in holding on summary judgment that Salt Lake City did not owe plaintiff June Trapp a duty to maintain its sidewalk in a reasonably safe condition.[1] We reverse.

 Salt Lake City argues that it has no duty because it had no special relationship to Trapp. In framing this argument, the City relies on *Christenson v. Hayward,* 694 P.2d 612 (Utah 1984), *Beach v. University of Utah,* 726 P.2d 413 (Utah 1986), *Ferree v. State of Utah,* 784 P.2d 149 (Utah 1989), and *Owens v. Garfield,* 784 P.2d 1187 (Utah 1989). *See also Rollins v. Petersen,* 813 P.2d 1156 (Utah 1991). These special relationship cases, however, have no application to the present case. They address whether and under what circumstances one party owes another party a duty to protect that party from his or her own acts or from the acts of a third party. In the special relationship cases, people, not physical facilities, are the things that must be "controlled" if a duty exists. Because people are inherently less controllable than physical things, the common law has imposed no duty to control the conduct of others except in certain circumstances, as where a special relationship exists. *See, e.g.,* Restatement (Second) of Torts §§ 314–20 (1965). The present case does not involve the duty to control an independent actor; rather, it involves a duty to maintain physical facilities.

The duty to maintain physical facilities, or more specifically, to keep sidewalks and streets in a reasonably safe condition, was first enunciated in *Scott v. Provo City,* 14 Utah 31, 45 P. 1005 (1895), and was most recently endorsed in *Ingram v. Salt Lake City,* 733 P.2d 126 (Utah 1987). *See also Bowen v. Riverton City,* 656 P.2d 434 (Utah 1982); *Murray v. Ogden City,* 548 P.2d 896 (Utah 1976); *Rollow v. Ogden City,* 66 Utah 475, 243 P. 791 (Utah 1926). For almost a century, Utah statutes have implicitly recognized this duty by confer-

---

1. The trial court's order of dismissal is based entirely on the special relationship argument. We therefore conclude that this question is the only one requiring disposition, notwithstanding the presence of other issues in appellee's brief.

ring on persons who have been injured or damaged from a defective sidewalk the right to present a claim to the city or town. *See* Utah Rev.Stat. tit. 10, ch. 20, § 312 (1898); Utah Comp.Laws tit. 13, ch. 26, § 312 (1907); 1917 Utah Laws tit. 16, ch. 29, § 816; Utah Rev.Stat. § 15–7–176 (1933); Utah Code Ann. § 15–7–76 (1943); Utah Code Ann. § 63–30–8 (Supp.1989). This duty seems generally grounded upon the common law principle that one who has control over a physical facility has an obligation to keep it in safe condition. *See* 6 C.J.S. *Municipal Corporations* § 782 (1950).

Given the quite different principles that underlie the street and sidewalk cases and the special relationship cases, the latter have little bearing on the former. Consequently, we reverse and remand this case to the trial court for further proceedings in accordance with our long-standing precedent governing liability for unsafe street and sidewalk conditions.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.