**Caleen Lee BRAITHWAITE and Kenneth Lee, individually and as guardians ad litem for their minor child, Misty Lee, Plaintiffs and Appellants,**

v.

**WEST VALLEY CITY CORPORATION, a political subdivision of the State of Utah; Salt Lake County, a political subdivision of the State of Utah; Granite School District; and Rachel L. Martinez, Defendants and Appellee.**

**No. 900209.**

Supreme Court of Utah.

Sept. 22, 1993.

M. David Eckersley, Salt Lake City, for plaintiffs.

Allan L. Larson, Anne Swensen, and Andrew M. Morse, Salt Lake City, for West Valley City Corp.

Jerry G. Campbell, Salt Lake City, for Salt Lake County.

R. Paul Van Dam, Atty. Gen., Brent A. Burnett, Asst. Atty. Gen., Salt Lake City, for Granite School Dist.

L. Bruce Larsen, Salt Lake City, for Rachel Martinez.

HOWE, Associate Chief Justice:

Plaintiffs Caleen Lee Braithwaite and Kenneth Lee appeal from a summary judgment in favor of defendant West Valley City Corporation which was granted on the ground that the City was protected by governmental immunity against any liability to plaintiffs. The trial court certified the judgment to be final, making it appealable under rule 54(b) of the Utah Rules of Civil Procedure.

This action arises from the death of Michael Lee, plaintiffs' minor child, who was killed on December 16, 1986, when he was struck by an automobile while walking with his sister on a public street in West Valley City on their way to an elementary school. Plaintiffs bring this action in their own right as heirs of Michael and as guardians ad litem on behalf of their other minor child, Misty Lee, for negligent infliction of emotional distress. Other defendants named in the lawsuit are Salt Lake County, Granite School District, and the driver of the automobile. Only the summary judgment granted to West Valley City is before us on this appeal.

The street on which the accident occurred had no sidewalks. The City, however, had painted a wide white strip down both sides of the asphalt paving which provided a six-foot walkway for pedestrians. The parties dispute how the accident happened. The City asserts that Michael suddenly darted out of the walkway where he and his sister were walking to cross the street and meet a friend. Plaintiffs apparently contend that Michael was forced out of the pedestrian walkway by a parked automobile. They charge that Michael could not go around the parked car on the outer side because of a fence an abutting property owner had placed almost to the edge of the asphalt paving.

Plaintiffs assert that West Valley City owed a duty to construct a sidewalk on the street where Michael was killed.

We observed recently in *Trapp v. Salt Lake City*, 835 P.2d 161 (Utah 1992), that it has long been the law in Utah (going back to its territorial era) that a municipality has a duty to exercise ordinary care to keep streets which it has opened for travel and which it has invited the public to use in a reasonably safe condition for travel. The municipality is not an insurer against accident or a guarantor of the safety of travelers, and it need not keep its streets in a perfect or an absolutely safe condition. *Pollari v. Salt Lake City*, 111 Utah 25, 176 P.2d 111 (1947). In *Trapp*, we also observed that our statutes have long permitted persons who have suffered injury or damage from a "defective, unsafe, dangerous condition" of any street to present a claim to the governing board of the municipality and, if the claim is denied, to bring suit for recovery. 835 P.2d at 161–62. The current such statute is Utah Code Ann. § 63-30-8 (Supp.1993). None of our cases, however, have held that a municipality in discharging its obligation to maintain its streets in a reasonably safe condition for travel is obligated to build sidewalks for pedestrian travel. Plaintiffs have not cited any authority so holding. All authorities and cases which we have found hold that there is no such duty. The general rule is that the failure to construct a sidewalk does not constitute actionable negligence. 19 Eugene McQuillan, *The Law of Municipal Corporations* § 54.37 (3d ed. 1985) (revised volume by Charles R.P. Keating), and cases cited therein.

In this state, by statute, boards of commissioners and city councils

*may* lay out, establish, open, alter, widen, narrow, extend, grade, pave or otherwise improve streets, alleys, avenues, boulevards, *sidewalks*, . . . and *may* vacate the same or parts thereof, by ordinance.

Utah Code Ann. § 10-8-8 (1992) (emphasis added). This statute has its genesis in the 1888 Compiled Laws of Utah § 1755 and has remained in effect from that time to the present date in substantially the same form. *Tooele City v. Elkington*, 100 Utah 485, 116 P.2d 406 (1941). It is understandable why the statute was drawn to authorize but not require the building of sidewalks. As cities and towns were settled in our state, the building of sidewalks on their streets was a gradual process controlled not only by the growth of the municipality, but by the availability of funds. See *Town of Perry v. Thomas*, 82 Utah 159, 165, 22 P.2d 343, 345 (1933), where under a similar statute pertaining to towns, this court stated that "the necessity, expediency, or propriety of opening a public street or way is a political question." The same is true as to the construction of sidewalks since they too are authorized in the same statute. See also 39 Am.Jur.2d *Highways, Streets, and Bridges* § 75 (1968), where it is stated, "Whether a portion of a street shall be set apart for a sidewalk, and whether a sidewalk shall be constructed, are ordinarily regarded as legislative questions resting in the discretion of the proper municipal authorities." In summary, neither our statutes nor our case law has ever required that a municipality build sidewalks to meet its legal duty of providing reasonably safe conditions for pedestrian travel on its streets. Therefore, the summary judgment as it pertains to the building of sidewalks was proper, not because West Valley City enjoys immunity as the trial court held, but because it has no legal duty to construct them.

■ Plaintiffs alternatively contend that the City was deficient in the duty it owes to pedestrians who use the street in that it suffered an abutting property owner to encroach upon the street by building a fence almost to the edge of the asphalt paving. Because of the fence, when a pedestrian confronted a parked car in the pedestrian walkway, he could not go around the car by stepping off the pavement but was forced into that portion of the street traveled by motor vehicles. While the parties dispute whether the accident occurred for that reason, the summary judgment granted to the City was not based on the lack of a material issue of fact, but only on the legal issue of governmental immunity. The factual dispute was not resolved on the motion for summary judgment. If, as plaintiffs assert, their child was killed because he was forced out

into the traffic lane due to a parked car and an encroaching fence, a material question of fact then arises whether the City has discharged its obligation to provide reasonably safe conditions for pedestrian travel. Governmental immunity has been waived by statute in such case. Whether a street is reasonably safe is a factual question to be resolved by the fact finder. *Ingram v. Salt Lake City*, 733 P.2d 126 (Utah 1987).

The Supreme Court of Colorado was faced with a similar situation in *Wheeler v. County of Eagle*, 666 P.2d 559 (Colo.1983). The trial court and the court of appeals held that the county had no duty to construct a pedestrian walkway along a rural road. In reversing, the supreme court stated that the issue was not whether the county was required to construct sidewalks, but whether it breached its duty to maintain the roadway in a reasonably safe manner for members of the public who use it:

> The factual predicate was that a large trailer court, where a number of high school students resided, was located near County Road 13. Trees and bushes which extended to the edge of the road forced pedestrians to walk on the pavement. A genuine issue exists as to whether, under the circumstances, the County failed in its duty to exercise reasonable care to ensure the safety of motorists and pedestrians who travel upon County Road 13. Therefore, a summary judgment should not have been entered for the County.

*Id.* at 561.

The summary judgment is reversed, and the case is remanded to the trial court for further proceedings in accordance with this opinion.

HALL, C.J., and STEWART and ZIMMERMAN, JJ., concur.

DURHAM, J., having disqualified herself, does not participate herein; Regnal W. Garff, Jr., Court of Appeals Judge, sat but retired before acting on the case.